THE STATE OF KANSAS v. FRANK A. BUSH.

No. 13,923.   (79 Pac. 657.)

SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS—*No Duplicity in the Information.* An information which charges that a single defendant kept, and assisted in keeping, a particular place as a nuisance at a given time is not vulnerable to a motion to quash on the ground of duplicity because of the several capacities in which the defendant may have acted.

2. PRACTICE, DISTRICT COURT—*Instructions Approved.* A defendant cannot complain of the giving at his request of an instruction containing several propositions of law merely because the court did not use the precise language of the request in reference to a matter separate and distinct from that asserted to be erroneous.

Appeal from Doniphan district court; WILLIAM I. STUART, judge.   Opinion filed February 11, 1905. Affirmed.

*C. C. Coleman*, attorney-general, and *S. M. Brewster*, county attorney, for The State.

*E. D. Woodburn*, and *A. E. Crane*, for appellant.

The opinion of the court was delivered by

BURCH, J.: Frank A. Bush was convicted of maintaining a nuisance in Doniphan county. The information charged that he kept, and assisted in keeping,

a place where intoxicating liquors were kept for sale and were sold, and where persons resorted for the purpose of drinking intoxicating liquors, all contrary to law. The defendant moved to quash the information, and objected to the introduction of any evidence under it, on the ground of its duplicity.

The statute provides that every person who "maintains or assists in maintaining" such a nuisance shall be punished. (Gen. Stat. 1901, § 2493.) If the conduct of an individual result in the existence of a nuisance at a given place at a given time he is guilty of but one offense, whether he act alone or assist another, and the charge that he kept and assisted in keeping a single place at a certain time does not multiply his crime. The conjunctive enumeration of several capacities in which a keeper may act, following the language of the statute, does not constitute duplicity; but if maintaining a a nuisance, and assisting in maintaining a nuisance, of the character described, be separately punishable under certain circumstances, both acts may be charged in a single count when committed by a single person in respect to the same place at the same time. (*The State v. Schweiter*, 27 Kan. 499.) Therefore, both the motion and the objection were properly overruled.

Many errors are assigned relating to the introduction of evidence, all turning upon the proposition that the defendant was not connected with the maintenance of the nuisance described in the information, and a greater part of the appellant's brief is occupied with an argument upon that subject which might well have appeared plausible to the jury trying the case. But the record abundantly proves that appellant, who resided at Belleville, was running the organization known as the Kansas Utopian Association, and that

under its cover and as a part of its scheme of operation a saloon called a "lodge" was running at Denton. The record further shows that, notwithstanding the fact the charter for the lodge at Denton was not actually issued until its barkeeper had been arrested, notwithstanding the fact a witness whose name already appears on the records of this court in connection with the Utopian project testified that appellant was only a hired man, notwithstanding the fact appellant avoided personal presence in Doniphan county, and notwithstanding the fact appellant may not have been informed of all the details of the management of the Denton branch, there was nevertheless nothing chimerical, nothing "Utopian," about his connection with that saloon.   He acted toward it in the relation of primary and cherishing cause, and the jury were fully justified in brushing aside all sophistical considerations and finding what was the plain fact—that appellant's business consisted in assisting in maintaining a common liquor nuisance at Denton.

Many errors are assigned relating to the admission of expert evidence to prove appellant's signature on the back of checks remitted to him by the barkeeper at Denton as "dues" from the "lodge" there.   The witnesses were qualified and the evidence was competent.

The court instructed the jury as follows :

"If you find from the evidence that J. O. Brownell kept and maintained a place as described in the information, for the purposes therein alleged, but in the absence of the defendant, Frank A. Bush, you must further find that it was so kept with the knowledge and consent of Frank A. Bush, or that the defendant counseled, aided or abetted in some manner in so conducting the place, or you must find the defendant not guilty."

A portion of this instruction is of doubtful propriety, because it permits the inference that appellant might be convicted merely because of his knowledge of, and consent to, the existence of the nuisance complained of. (*The State v. Douglass*, 44 Kan. 618, 26 Pac. 476.) The record, however, reveals a request by the appellant for an instruction containing the objectionable matter in the identical words adopted by the court; hence, he cannot complain. The latter portion of the instruction added the words "counseled" and "abetted" to the word "aided" in appellant's request. This, however, did not modify the matter preceding the disjunctive word "or," and the failure of the court to use appellant's very language in the precise form proposed concerning the alternative matter did not prejudice him. (*Reed v. Golden*, 28 Kan. 632, 42 Am. Rep. 180.)

All of the errors assigned, thirty-two in number, have been examined, and none of them presents anything sufficiently serious to require a reversal of the judgment of the district court; therefore it is affirmed.

All the Justices concurring.