THE STATE OF KANSAS v. E. H. RICKSECKER.

No. 14,643.    (85 Pac. 547.)

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Information—Election of Counts.* Where an information contains several counts, intended to charge the same substantial offense in different ways, and their allegations are not inconsistent, it is ordinarily not error for the trial court to refuse to require the state to elect upon which one it will rely for a conviction.

2. —— *Verdict—Sufficiency.* In such a case a verdict of guilty which fails to refer to any specific count is sufficient, and will be regarded as a finding of guilty upon all of them.

3. —— *Evidence Admissible under One Count — Defective Counts.* In such a case, if all the evidence introduced would have been admissible under one count, which states a public offense, the fact that one or more of the other counts may fail to do so, or may fail to bring the case within the operation of the particular statute under which they are drawn, is not fatal to the conviction.

4. —— *One Good Count—Instructions.* Where an information contains one good count, and several others which repeat its allegations, with others which are unnecessary and do not change the character of the offense, a conviction will not be disturbed on account of any failure to instruct upon such

additional matters, where no prejudice results to the defendant with respect to his trial upon such good count.

5. EVIDENCE—*Judicial Notice.* The courts will take notice without proof that a municipality is a city of the second class, where it has been made such under the statute by a public proclamation issued by the governor.

Appeal from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion filed April 7, 1906. Affirmed.

*C. C. Coleman,* attorney-general, *T. E. Wagstaff,* county attorney, and *S. J. Osborn,* for The State.

*J. H. Keith,* and *Charles Bucher,* for appellant.

The opinion of the court was delivered by

MASON, J.: E. H. Ricksecker appeals from a conviction upon a charge of embezzling money that came into his hands as superintendent of the water-works system owned and operated by the city of Coffeyville. The defendant held that position from April, 1900, to May, 1903. After he had retired from the office the claim was made that he had failed to account to the city for all of the public funds that he had received in virtue of it. An investigation followed, as a result of which a prosecution for embezzlement was begun July 12, 1904.

The information which was afterward filed, and upon which he was tried and convicted, contained three counts. The first charged him with embezzling as an officer of the city the sum of $4083.84, that evidently being considered the total amount of his shortage. Upon the theory that he might have converted a part of this to his own use more than two years before the criminal action against him was begun it was alleged that he had concealed the fact of his crime until April, 1903, this allegation being plainly intended to avoid the effect of the statute of limitations. The second count was like the first, except that the allegation

of concealment was omitted and the amount embezzled was placed at $2600. It is clear that it was the purpose of the pleader in this count to declare only upon such conversion as had taken place within the period fixed by the statute of limitations. The third count set out the amount of the entire shortage, and was drawn under that part of the embezzlement statute (Gen. Stat. 1901, § 2081) which was first enacted in 1873, and which makes it a criminal offense for an agent under certain circumstances to fail to pay over upon demand money collected for his principal. Doubtless this count was added with the idea that it might evade any question of limitation, upon the theory that the statute does not begin to run against proceedings under this part of the statute until a demand is made.

At the conclusion of the evidence a motion was made to require the state to elect upon which count it would rely for a conviction. The motion was denied. The verdict returned merely declared the defendant "guilty of the crime of embezzlement, all as in manner and form charged in the information," and that the value of the funds embezzled was $2366.65.

Under various assignments of error the defendant's counsel complain of rulings relating to the first and third counts, or having some connection therewith. It is contended that an election between the counts should have been compelled; that the form of the verdict was insufficient, inasmuch as it did not refer to any specific count; that the allegation in the first count of the concealment of the crime was too indefinite to have any effect; that the court gave no sufficient instruction as to what acts could be regarded as constituting a concealment; that the statute under which the third count was drawn had no application to the state of facts relied upon by the prosecution in this case; and that the instructions with regard to a demand were defective. All these complaints may be considered and disposed of together. It is manifest that the several counts in

32—73 KAN.

the information did not charge three separate and distinct offenses. They were obviously intended only as three different ways of stating the same offense— namely, the converting to his own use by the defendant of that part of the funds of the city which came into his hands as superintendent of the water-works, and which was otherwise unaccounted for. Under such circumstances a verdict of guilty is valid, although it contains no reference to any particular count.

"When but one offense is charged in various forms in separate counts of one indictment, a general verdict of guilty, or of guilty as charged, without mentioning the count on which it is based, is sufficient. The same rule is applicable, although several distinct crimes are charged in different counts, if they all arose out of the same transaction." (12 Cyc. 693.)

Such a verdict is regarded as a finding that the defendant is guilty upon each one of the several counts, and it can therefore be sustained even if some of the counts are bad, for it will be held to respond to any good count that the information contains.

"One good count in an indictment, if sustained by the proof, will support a general verdict of guilty, although there be other counts which are defective. So where there are two or more counts in the indictment, and but one offense in fact is charged, a general verdict of guilty is good if one of the counts be good and the allegations in it are sustained by the evidence." (12 Cyc. 694.)

For these reasons there was no necessity in this case for the state to elect upon which count it would rely, or for the verdict to refer in terms to any particular count. The same considerations make it needless to inquire whether the first count sufficiently charged a concealment of the offense, or whether the third count stated an offense within that part of the statute under which it was drawn. It may be conceded to the defendant that where the prosecution is compelled to show a concealment in order to convict the facts relied upon as constituting concealment should be

specifically pleaded  (*Jones v. The State*, 14 Ind. 120) ;
and also that the decisions of this court tend to support
the view that the part of the statute which is the basis
of the third count, and which makes a demand and re-
fusal to pay essential features of the crime there de-
nounced, does not apply to any case where the offense
of embezzlement could be complete without such de-
mand and refusal (*The State v. Bancroft*, 22 Kan. 170;
*The State v. Yeiter*, 54 Kan. 277, 38 Pac. 320), and
therefore cannot be invoked against a city officer with
respect to money which it was his duty to turn over to
the city without demand.  Such concessions can avail
him nothing.  No question is made of the sufficiency
of the second count.  The first count is in substance the
same as the second, except that a larger amount is
named as the sum embezzled and the allegation of con-
cealment is added; the third count is the same as the
second, with the allegation of demand added.  No evi-
dence was admitted under the first or third count that
would have been materially erroneous if the second
count had stood alone, and the defendant was in no
way prejudiced by their presence in the information.

An important feature of the case made by the state
was the testimony of an expert accountant who under-
took not only to give the total amount of the defend-
ant's shortage, which he fixed at $2366.65, but to sep-
arate this amount into two parts, the one ($1028.43)
made up of items received more than two years before
the prosecution was begun, the other ($1338.22) of
those received within that period.  As the jury found
the amount embezzled to be $2366.65, it is clear that
the verdict was based upon this testimony.  It follows
that the jury held the defendant criminally liable for
all the money for which he failed to account, including
that portion as to which he claimed immunity under
the statute of limitations.  But it also follows that they
convicted him of embezzling that portion as to which
no question of limitation could be raised.  He was not

convicted, however, of two offenses—of embezzling $1028.43 at one time and $1338.22 at another—but of the single offense of embezzling by one act the sum of $2366.65, which included $1028.43 that was collected more than two years before the prosecution was begun. The crime of embezzling $2366.65 differs neither in degree nor kind from that of embezzling $1338.22. It requires no greater or different punishment. If it was error for the jury to include the latter amount in their statement of the amount embezzled, it was harmless error. Inasmuch as the question of concealment was immaterial there is no occasion to consider whether the court should have given more definite instructions concerning it. It may be remarked, however, that no special instruction in that regard appears to have been asked. Inasmuch as the instructions relating to a demand had no reference to the second count it is unnecessary to consider the criticisms made upon them, for the reasons already stated.

Specific complaint is made of the admission of evidence of the payment of several warrants issued to the defendant for water used by the city. It appears that the city, although owning its own water-works, kept the business done in that connection entirely separate from the other affairs of the municipality, and paid for water used for public purposes the same as any other consumer. The evidence warranted the finding that the proceeds of these warrants came into the hands of the defendant in his official capacity.

Error is also assigned because of the admission of evidence having some tendency to show that the defendant had been accused of being short in his accounts in another capacity. The evidence objected to was not offered for the purpose of showing this fact, but had some bearing upon the legitimate issues, and the fact that it incidentally suggested the commission of another offense did not bar its reception.

The information alleged that Coffeyville was a city

of the second class, and complaint is made that while there was no proof of the fact the court assumed its existence. Under our statute a city of the second class becomes such in virtue of a public proclamation made by the governor, of which the courts take notice. (17 A. & E. Encycl. of L. 914; 16 Cyc. 903.) The case of *The State v. Pittman,* 10 Kan. 593, in which it was said that judicial notice cannot be taken of the incorporation of a city under a general law, was decided under a different statute. (See, also, *The State v. Bowles,* 70 Kan. 821, 79 Pac. 726, 69 L. R. A. 176; *LaRue v. Insurance Co.,* 68 Kan. 539, 75 Pac. 494.)

It is contended in behalf of the defendant that he should have been granted a new trial because under the whole evidence if he was guilty at all he was guilty of several distinct acts of embezzlement, inasmuch as he was under a duty to turn over to the city at stated intervals the public funds then in his hands. The mere failure to perform this periodical duty, however, did not of itself render him guilty of a criminal offense. It is possible that he did upon several different occasions wrongfully convert to his own use the money then in his possession, but the evidence is consistent with the view that there was no criminal intent, and consequently no crime, until the entire missing amount had accumulated, and that he then wrongfully by one act embezzled the entire sum. This feature of the case appears to have been sufficiently covered by the instructions, and we are unable to perceive that the defendant has any just cause of complaint in connection therewith.

Other assignments of error have been examined, but are not thought to require separate discussion. The judgment is affirmed.

All the Justices concurring.