THE STATE OF KANSAS, *Appellee*, v. F. D. SHERMAN, *Appellant*.

No. 16,702.

THE STATE OF KANSAS, *Appellee*, v. G. BENDA, *Appellant*.

No. 16,706.

SYLLABUS BY THE COURT.

1. CONSTITUTIONAL LAW—*Interstate Commerce—Regulation by the State—Intoxicating Liquors.* Section 5 of chapter 164 of the Laws of 1909, which prohibits the taking of orders within this state for intoxicating liquors, is not repugnant to the provisions of the federal constitution giving congress the power to regulate interstate commerce.

2. CRIMINAL LAW—*Taking Orders in this State for Intoxicating Liquors—Shipment from Another State.* "The owner of intoxicating liquors in another state can not, by virtue of this provision of the federal constitution, come into this state or send his agent here and in defiance of the laws of this state carry on the business of soliciting orders or proposals for the purchase of such intoxicating liquors, to be shipped from such other state, without incurring the penalties of such laws." (*Crigler v. Shepler*, 79 Kan. 834, syllabus.)

3. CONSTITUTIONAL LAW—*Title of an Act—Intoxicating Liquors.* This statute is not repugnant to section 16 of article 2 of the constitution of this state.

4. CRIMINAL LAW—*Information—Duplicity.* "Where the statute makes either of two or more distinct acts connected with the same general offense, and subject to the same measure and kind of punishment, indictable separately and as distinct crimes, when each shall have been committed by different persons and at different times, they may, when committed by the same person and at the same time, be coupled in one count as constituting all together one offense only. In such cases the offender may be informed against as for one combined act in violation of the statute, and proof of either of the acts mentioned in the statute and set forth in the information will sustain a conviction." (*The State v. Schweiter*, 27 Kan. 499.)

Appeal from Russell district court; JACOB C. RUPPENTHAL, judge. Opinion filed February 12, 1910. Affirmed.

*L. B. Beardsley,* for appellant F. D. Sherman.

*George W. Holland,* for appellant G. Benda.

*Fred S. Jackson,* attorney-general, *John Marshall,* assistant attorney-general, *Charles D. Shukers,* special assistant attorney-general, and *M. J. Gernon,* county attorney, for the appellee.

The opinion of the court was delivered by

GRAVES, J.: These cases are appeals from the district court of Russell county. The questions involved are alike in each case, and they have been submitted together.

The defendants were arrested and convicted of a violation of section 5 of chapter 164 of the Laws of 1909, which reads:

"Any person who shall take or receive any order for intoxicating liquor from any person in this state, or any person who shall, directly or indirectly, contract for the sale of intoxicating liquor with any person in this state, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished therefor as provided in this act for selling intoxicating liquor."

The cases were tried by the court without a jury, upon an agreed statement of facts, wherein it is admitted that each defendant committed the act alleged against him.

The first and principal objection presented is that the statute under which the defendants were prosecuted is unconstitutional as being a burden upon interstate commerce. This phase of the case has been decided by this court adversely to the contention of the defendants and the question is fully discussed by Mr. Justice Benson in the case of *Crigler v. Shepler,* 79 Kan. 834.

A further complaint is made that this law is unconstitutional and void as being in violation of section 16 of article 2 of the constitution of this state, which reads:

"No bill shall contain more than one subject, which

shall be clearly expressed in its title, and no law shall be revived or amended, unless the new act contain the entire act revived, or the section or sections amended, and the section or sections so amended shall be repealed."

The title criticised reads:

"An act concerning intoxicating liquors, and amending sections 2451, 2457, 2458, 2460 and 2479 of the General Statutes of Kansas, 1901, and repealing sections 2452, 2453, 2454, 2455, 2456, 2459, 2461, 2469, 2477, 2478, 2480, 2487, 2488, 2489 and 2490 of the General Statutes of Kansas, 1901, and chapter 339 of the Session Laws of 1903, and repealing said original sections 2451, 2457, 2458, 2460 and 2479 of the General Statutes of Kansas, 1901." (Laws 1909, ch. 164.)

This court has decided that the section of the constitution under consideration must be liberally interpreted with the view of upholding the acts of the legislature. This rule of interpretation has been uniformly followed. (See *Rathbone v. Hopper,* 57 Kan. 240, 245, and cases there cited; *The State v. Barrett,* 27 Kan. 213.)

The language "An act concerning intoxicating liquors," used in this title, is clear enough and broad enough to cover the whole subject involved in the prohibitory law. Counsel concede that if these words stood alone and constituted the whole title they would be sufficient. We are unable to see that the other language used in the title adds any other subject or destroys the clearness of that which precedes it. The four sections amended relate directly to the main subject, and are specifically named and described in the title. The sections amended, and others, are specifically stated in the title as repealed. In the first four sections of the act the amended sections are given in full as amended separately, one in each section. We think the law is in substantial compliance with the requirements of the constitutional provision.

It is stated in argument that section 2479 of the General Statutes of 1901, which is amended by sec-

tion 5 of chapter 164 of the Laws of 1909, was originally enacted as a part of chapter 149 of the Laws of 1885, which act, so far as such section was concerned, was void because enacted in violation of the constitutional provision under consideration. Being void, it could not be amended by the act of 1909. Assuming, without deciding, that the appellant is correct in his premises, we do not concur in his conclusions. If the section was void, as contended, then it was not an obstacle to the legislature in making further legislation upon that subject. It is very clear that the legislature enacted this section as a part of the law of 1909. Whether it be treated as an original enactment or otherwise, it must be considered as an act of the legislature, and should be upheld and enforced as such.

A motion to quash the information on the ground that it was void for duplicity was denied, and complaint is made of this ruling of the court, but we are unable to hold it was erroneous. The charging part of the first count reads:

"That on or about the 17th day of July, A. D. 1909, in said county of Russell, and state of Kansas, one G. Benda, then and there being, did then and there unlawfully and wrongfully take and receive an order for malt, vinous, spirituous, fermented and other intoxicating liquors, and did then and there contract with G. J. Deines for the sale of malt, vinous, spirituous, fermented and other intoxicating liquors, all contrary to the form of the statute in such cases made and provided."

Apparently this was all done at the same time and place and in the same transaction. Such pleading has been sanctioned and upheld by this court for many years. (*The State v. Schweiter,* 27 Kan. 499; *The State v. Hodges,* 45 Kan. 389; *The State v. Meade,* 56 Kan. 690; *The State v. Bush,* 70 Kan. 739, 740.)

A further complaint is made that the information does not give the name of the person from whom the order was taken. Liberally interpreted, we think it

does. The language used does not necessarily state two transactions—one in which an order was taken and another in which a contract for the sale of intoxicating liquors was made. If an order was taken it would not be a perversion of terms to characterize the transaction as a contract for the sale of intoxicating liquors. Evidently both parties intended that a sale should result. Whether denominated "taking an order" or "making a contract of sale" is merely a different way of characterizing the transaction. Taking an order is in substance the making of an executory contract of sale. And the making of a contract for the sale of intoxicating liquors would be sufficiently established by proof that an order therefor had been taken. The words "did then and there contract . . . for the sale" do not refer to a completed sale, but to a sale agreed upon only; and in this sense there is no substantial difference between that transaction and in taking an order.

We think a fair interpretation of the information justified the conclusion that the language used in charging the offense, all taken together, was used simply to characterize the transaction which constituted the one offense. The defendants by this transaction intended to sell intoxicating liquor to citizens of Kansas in violation of the law of the state, thinking they would be protected by the federal law relating to interstate commerce. The district court held that they were mistaken as to their rights under the law, and we concur with the trial court.

The judgment is affirmed.