THE STATE OF KANSAS, *Appellee*, V. GLADYS JOHNSON, *Appellant.*

No. 17,082.

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Information—Duplicity.* An information is not bad for duplicity which charges the defendant with enticing, decoying, taking and receiving a female child under the age of eighteen years into a certain house of ill fame and disorderly house for the purpose of prostitution.

2. ——— *Joinder of Counts.* One who does all the things mentioned in one transaction commits only a single offense and incurs but a single penalty, and it is proper to charge all conjunctively in a single count.

3. ——— *Ignorance of Material Fact No Defense.* It is no defense that defendant did not know the age of the girl or that the girl represented herself to be more than eighteen years old.

Appeal from Saline district court. Opinion filed June 10, 1911. Affirmed.

*T. L. Bond, C. W. Burch,* and *B. I. Litowich,* for the appellant.

*John S. Dawson,* attorney-general, and *Frank T. Knittle,* county attorney, for the appellee.

The State v. Johnson.

The opinion of the court was delivered by

JOHNSTON, C. J.: In an information it was charged that the appellant "did . . . entice, decoy, take and receive one Bertha Cary, a female child under the age of eighteen years, to wit, of the age of sixteen years, into a certain house of ill fame and disorderly house for the purpose of prostitution," etc. A trial resulted in a conviction, and appellant insists that the information was bad because of duplicity and uncertainty, in that it charged more than one offense in one count, and that her motion to quash should have been allowed. The general offense charged was getting a female child into a bawdy or disorderly house for the purpose of prostitution. (Laws 1889, ch. 104, § 2, Gen. Stat. 1909, § 5137.) This may be done by enticing, decoying, placing or receiving the child into the house named for the purpose mentioned. The person who does one of these things commits an offense, or if all the things are done by him in one transaction he commits only a single offense and incurs but a single penalty. It was proper, therefore, to charge all of them conjunctively in a single count. It has been decided that:

"Where an offense charged may be committed by two different means, and as several acts connected with and forming part of a general offense may be stated in a single count, its commission by both means may be charged in one count of the information, and proof of either will sustain the allegation." (*The State v. Hewes,* 60 Kan. 765, syl. ¶ 1.)

(See, also, *The State v. Schweiter,* 27 Kan. 499; *The State v. O'Neil,* 51 Kan. 651; *The State v. Seeger,* 65 Kan. 711; *Fahnestock v. State,* 102 Ind. 156; 1 Bishop's New Crim. Proc. § 476; 22 Cyc. 380.)

The case of *The State v. Goodwin,* 33 Kan. 538, is not in conflict with this holding. The offense condemned there was not the doing of an unlawful act for

a particular purpose by different means, but it was the taking of a female child from parents or guardian for different and distinct purposes. The difference between prostitution and concubinage is pointed out, and a charge of taking a child for both purposes charges two distinct offenses, which it was held could not be joined in a single count. Nor is the information double in charging that the house to which the child was led and taken was a house of ill fame and a disorderly house. Only one house was in contemplation, and this is disclosed by the definite description of the house by its number and location. There is no repugnancy in the terms used, as places resorted to for prostitution are often designated as houses of ill fame and also as disorderly houses. The latter term is the broader one, but they are frequently used synonymously and appear to have been so used in the statute and also in this information. The precise description of a single place left no doubt as to the identity of the place into which the girl was taken and received by appellant, and indicated clearly enough to her that only one place was involved in the prosecution.

Another contention is that error was committed by the court in charging the jury that a person receiving a female child into a house of ill fame for the purpose of prostitution is bound to know the actual facts in respect to her age, and that it is no defense that she may have represented herself to be more than eighteen years of age. While, as a general rule, criminal intention is an essential element of a crime and ignorance and mistake of a fact will ordinarily exempt one from criminal responsibility, there are a number of exceptions to this rule, and one of them is where the accused is engaged in an unlawful or immoral transaction the fact that he was mistaken as to the extent or effect of his wrongdoing or of some fact is no defense. Appellant was conducting an immoral business, and the practice of enticing, taking and receiving girls into her

house for the purpose of prostitution was immoral, regardless of the ages of the inmates. This principle was applied in *The State v. Jones,* 16 Kan. 608, where the defendant was charged with having carnal knowledge of a girl under eighteen years of age, and the point was made that there was no criminal responsibility unless the defendant knew the girl defiled was under eighteen years of age. It was said:

. "When a man commits what he knows to be an immoral act, he ought to be required to take the entire consequences of such act, although he may not have been fully advised as to all the circumstances connected with the act. In fact, when a man sets out willfully to do an immoral act, he ought to be bound to know all the circumstances connected with such act. Such a person is in no proper condition to plead innocence." (p. 611.)

The authorities are numerous that in statutory offenses of this character against girls of tender age actual knowledge of the age of the girl is not an essential element of the offense. (*Brown v. The State,* [Del. 1909] 74 Atl. 836; *People v. Dolan,* 96 Cal. 315; *The State v. Johnson,* 115 Mo. 480; *The State of Iowa v. Ruhl,* 8 Iowa, 447; *Lawrence v. The Commonwealth,* [71 Va.] 30 Grat. 845; *Heath v. State,* 173 Ind. 296; *Commonwealth v. Murphy,* 165 Mass. 66.)

There is some criticism of the instructions which does not appear to be justified nor to require special comment.

The judgment is affirmed.