No. 19,665.

THE STATE OF KANSAS, *Appellee*, v. BARNEY SHIFFLER, *Appellant*.

SYLLABUS BY THE COURT.

LIQUOR LAW—*"Persistent Violator"—Several Violations—Single Offense and Penalty.* When called upon to prosecute a persistent violator of the prohibitory law under the statute relating to that subject (Laws 1911, ch. 165, § 1), the county attorney is not obliged to rest his case upon the evidence he may procure relating to some single violation occurring subsequent to a conviction. He may allege in a single count, or in several counts, as many subsequent violations as he may be informed of, and he may go to the jury, without being required to elect, upon all the proof he has. He must establish one to warrant a verdict of guilty, but any one will be sufficient, and whether he establish one or more than one, he has simply proved the defendant to be a persistent violator guilty of a single offense, or an entire offense, to which a single penalty is affixed.

Appeal from Cherokee district court; EDWARD E. SAPP, judge. Opinion filed December 12, 1914. Affirmed.

*A. L. Majors*, of Columbus, for the appellant.

*John S. Dawson*, attorney-general, and *F. W. Boss*, county attorney, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The defendant was convicted as a persistent violator of the prohibitory law and appeals.

The information contained two counts. The first count charged that the defendant was convicted of a violation of the prohibitory law on January 27, 1914, and that subsequently, on February 28, 1914, he sold intoxicating liquor contrary to law. The second count charged the same conviction and that subsequently, on February 28, 1914, the defendant maintained a liquor nuisance contrary to law. The defendant filed, suc-

cessively, a motion to quash the information, a motion to require the state to elect on which count of the information it would proceed to trial, and a motion to require the state to elect on which count of the information it would rely for a conviction. These motions were all based upon a claim that each count of the information charged a separate felony. The court ruled otherwise, treated the information as charging but one offense, permitted evidence to go to the jury tending to sustain each count, and submitted to the jury single verdicts of guilty and not guilty.

The statute reads as follows:

"SECTION 1. Any person or persons who having once been duly convicted of the violations of the prohibitory liquor law and who shall thereafter directly or indirectly violate the provisions of the prohibitory liquor law shall be considered a persistent violator of the prohibitory liquor law and shall be deemed guilty of a felony, and upon conviction thereof shall be imprisoned in the State Penitentiary at hard labor for not more than one year." (Laws 1911, ch. 165, § 1.)

This statute does not make each violation subsequent to a conviction a separate felony but merely creates the status of "persistent violator" and affixes a single penalty for occupying that status. The statute is not directed against the making of particular sales of liquor, or the keeping of particular places where liquor is sold, or other particular violations of the prohibitory law, so much as against the habit or practice of lapsing into the liquor business. The individual who backslides after receiving the correction of a conviction is treated as a kind of common nuisance, and having become such, a continuation of his illegal practices, however numerous or varied, merely constitutes persistence in an habitual course of conduct. (See the case of *The State v. Cotner*, 87 Kan. 864, 127 Pac. 1, and authorities cited in the opinion.)

When called upon to prosecute a persistent violator, the county attorney is not obliged to stake his entire

case upon the evidence he may procure relating to some single violation occurring subsequent to conviction. He may allege as many subsequent violations as he may be informed of and he may go to the jury upon all the proof he has, whether of one or more than one violation. He must establish one to warrant a verdict of guilty, but any one will be sufficient, and whether he establish one or more than one he has simply proved the defendant to be a persistent violator, guilty of a single offense, or an entire offense, to which a single penalty is affixed.

The fact is that in cases of this character the information need not contain more than a single count. Thus it has been held that when a murder may have been committed by different means and it is doubtful which is employed all may be charged in one count of the information and proof of any one will sustain a conviction. (*The State v. O'Neil,* 51 Kan. 651, 33 Pac. 287; *The State v. Hewes,* 60 Kan. 765, 57 Pac. 959; *The State v. Kirby,* 62 Kan. 436, 63 Pac. 752.)

In the case of *The State v. Giroux,* 75 Kan. 695, 90 Pac. 249, the rule was applied to an information charging a liquor nuisance. Ten counts of the information charged specific sales of intoxicating liquor to persons who were named, occurring on three different dates, April 26, May 6, and May 13. The eleventh count charged that, on the days named, the place where the sales were made was a common nuisance and that the defendants were its keepers. The defendants were convicted on the eleventh count. The court said:

"In a sense an averment that the defendant unlawfully sold intoxicating liquors on January 1, and on sundry and divers days since that date, would charge as many separate and distinct offenses as there were days between the date named and the filing of the information. Such an averment, however, would not render the information bad for duplicity. Maintaining a public nuisance is a continuous act, extending from day to day, and the allegation as to time may and ought to be broad enough to cover either all the time within the

statute of limitations or as much of it as the prosecutor desires; and while within such time the defendant may have been guilty many times, he can be tried for but one offense, which may be fixed as having occurred upon such date as will best suit the evidence of the state." (p. 696.)

If, for the sake of greater clearness and precision, the pleader choose to employ several counts, there is no necessity for an election between them or for the verdict to relate in terms to any particular count. (*The State v. Ricksecker*, 73 Kan. 495, 85 Pac. 547.)

The rulings of the district court were correct and its judgment is affirmed.