No. 24,718.

THE STATE OF KANSAS, *Appellee*, v. COLONEL FARROW, *Appellant.*

SYLLABUS BY THE COURT.

1. LIQUOR LAW—*Persistent Violator—Plea in Abatement—Preliminary Examination on Each Count.* In a prosecution of a person charged with persistently violating the prohibitory liquor law, it is not error to sustain a demurrer to a plea in abatement alleging that no evidence to prove certain counts of the information was introduced on the preliminary examination and that defendant had no preliminary examination on those counts, where the plea is contradicted by the complaint, the warrant, and the transcript of the justice of the peace before whom the preliminary examination was held and where it does not appear that a bond was not given by the defendant.

2. SAME—*No Error in Admission of Evidence.* It was not error to admit evidence to prove all the counts charged in the complaint, warrant, and information.

3. SAME—Under section 5541 of the General Statutes of 1915, each violation of the prohibitory liquor law by one previously convicted of violating that law constitutes a separate and distinct felony.

4. SAME—Under the rule followed in the first paragraph of this syllabus, it was not error to refuse to give instructions requested.

5. SAME—Sentence may be pronounced on each count on which there is a verdict of guilty, and the terms of imprisonment may be cumulative.

Appeal from Anderson district court; HUGH MEANS, judge. Opinion filed July 7, 1923. Affirmed.

*Manford Schoonover,* and *J. W. Mertz,* both of Garnett, for the appellant.

*Charles B. Griffith,* attorney-general, *John F. Rhodes,* assistant attorney-general, and *DeWitt M. Stiles,* county attorney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment convicting him of being a persistent violator of the prohibitory liquor law. He was charged and convicted on four counts.

1. It is urged that the court committed error in sustaining the plaintiff's demurrer to the defendant's plea in abatement. The plea alleged—

"That the state of Kansas offered and produced no evidence of testimony of and concerning sales of intoxicating liquor, or apprized this defendant in

any manner of the nature, of the offense to ·be met by him, in the charges alleged in said information in counts one, two and four thereof."

and—

"That the defendant; C. W. Farrow, has had no preliminary examination tendered him upon counts one, two, and four of said information filed herein, and that he at no time waived any preliminary examination thereon, and that he was not, and is not now‘a fugitive from justice."

The transcript of the justice of the peace who issued the warrant and with whom the complaint against the defendant was filed showed that a preliminary examination was held. That transcript recited that—

"Thereupon, the court heard the testimony of the witnesses on behalf of the state. No evidence was offered by the accused. Thereupon the court, after hearing all the evidence and the arguments of counsel; finds that the offense of persistent violation of the prohibitory liquor law of the state of Kansas, as charged in the complaint filed herein, has been committed and that there is probable cause to believe that the accused, Colonel Farrow, is guilty of the commission thereof."

The complaint filed with the justice of the peace and the warrant issued by him, each contained four counts, and those four counts were set out in the information on which the defendant was convicted. The plea to that extent contradicted the record. In *The State v. Berger,* 97 Kan. 366, 155 Pac. 40, it was said that—

"A demurrer to a plea in abatement is properly sustained when the facts alleged in the plea contradict the record." (Syl. ¶ 2.)

It does not appear that a bond was not given. If the defendant gave a bond, his right to complain of failure to give him a preliminary examination was waived. (*The State v. Cole,* 93 Kan. 819, 150 Pac. 233.)

2. The defendant complains of the introduction of evidence on counts one, two, and four of the· information. The basis of this complaint is that the defendant had not been given a preliminary examination on those counts. There was no error in introducing evidence to prove them.

3. At the close of the evidence for the state, the defendant moved that the state be required to elect on which counts of the information it would rely for a conviction. That motion was denied. The defendant urges that as error. Section 5541 of the General Statutes of 1915 reads:

"Any person who, having once been duly convicted of violations of the prohibitory law and who shall thereafter, directly or indirectly, violate the pro-

visions of the prohibitory liquor law, shall be considered a persistent violator of the prohibitory liquor law and shall be deemed guilty of a felony, and upon conviction thereof shall be imprisoned in the state penitentiary at hard labor for not more than one year; and every violation; directly or indirectly, of any provision of the prohibitory liquor law, by a person who has heretofore been or shall hereafter be once convicted of any violation of the prohibitory liquor law, shall be considered a separate and distinct felony."

Each count of the information charged a separate and distinct offense. The defendant could be convicted on any one or all of the counts. It is not necessary to elect, and the motion was properly denied.

4. Complaint is made of the instructions to the jury. This complaint is based on the contention that the defendant had no preliminary examination on counts one, two, and four of the information. The complaint is without merit.

5. The defendant was sentenced to the penitentiary for one year on each count of the information, the sentences on the first and second counts to run concurrently, and the sentences on the third and fourth counts to run the same way, but the confinement on the third and fourth counts to begin at the expiration of the sentence on the first and second counts. The defendant contends that under section 1 of chapter 165 of the Laws of 1911 and *The State v. Schiffler,* 93 Kan. 618, 144 Pac. 845, and *The State v. Briggs,* 94 Kan. 92, 94, 145 Pac. 866, there is but one offense and that there can be but one sentence. If the law had not been changed since 1911 and since the decisions cited were rendered, the defendant's position would be correct; but the law has been changed. Section 1 of chapter 165 of the Laws of 1911 was amended by section 1 of chapter 232 of the Laws of 1915, section 5541 of the General Statutes of 1915, so that each violation of the prohibitory liquor law by one who had been convicted of its violation is a separate and distinct felony. It follows that punishment may be imposed for each count on which there is a verdict of guilty.

The judgment is affirmed.

HOPKINS, J., not sitting.