No. 26,198.

THE STATE OF KANSAS, *Appellee*, v. PETER DIEHL, *Appellant.*

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Transcript of Preliminary Examination—Amendment.* It is not error to permit a justice of the peace before whom a preliminary examination has been held to amend his transcript of the proceedings before him so as to make the transcript correspond with the record made by him on his docket, although the matter is first called to the attention of the trial court on the hearing of a plea in abatement.

2. INTOXICATING LIQUORS—*Persistent Violator—Sufficiency of Evidence.* On the trial of a defendant charged with being a persistent violator of the intoxicating liquor law of this state, there was evidence which tended to prove that a jail sentence had been imposed on his plea of guilty to a former charge before a justice of the peace, and there was sufficient evidence to prove the offense of which he was found guilty by the jury.

Appeal from Gove district court; JACOB C. RUPPENTHAL, judge. Opinion filed November 7, 1925. Affirmed.

*Jerry E. Driscoll,* of Russell, for the appellant.

*Charles B. Griffith,* attorney-general, and *R. H. Thompson,* county attorney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment convicting him on two counts of being a persistent violator of the intoxicating liquor laws of this state.

On October 9, 1922, before A. J. Mitchell, a justice of the peace of Gove county, the defendant was convicted on his plea of guilty of unlawfully having intoxicating liquor in his possession. On September 5, 1924, there was filed with L. O. Maxwell, a justice of the peace of Gove county, a complaint consisting of two counts, each of which charged that the defendant had unlawfully sold intoxicating liquor, and that he had theretofore, on October 9, 1922, been convicted of unlawfully having intoxicating liquors in his possession. A warrant was issued on the complaint, setting out each of the two charges contained in the complaint. On September 16, 1924, a preliminary examination was held on that complaint and warrant by L. O. Maxwell, who found "that the crime of persistent violations

---

1. Criminal Law, 16 C. J. § 631.   2. Intoxicating Liquors, 33 C. J. § 499.

State v. Diehl.

of the intoxicating liquor law, as charged in complaint and warrant, has been committed, and that there is probably cause to believe that the defendant Pete Diehl, is guilty of the commission of said offenses." In making out the transcript to be filed with the clerk of the district court, the word "offenses" was written "offense." Before the trial, the defendant filed a special plea in abatement, in which he urged that he should be discharged because the transcript of the proceedings before the justice of the peace showed that only one offense had been committed. Evidence was introduced on the hearing of that plea. During the introduction of evidence, the county attorney asked that the justice of the peace be permitted to amend the transcript by changing the word "offense" to the word "offenses," so as to make the transcript correspond with the docket. That permission was granted over the objection of the defendant, and the amendment was made. The plea in abatement was then overruled.

1. The defendant urges that it was error for the court to overrule his plea in abatement. The complaint filed with the justice of the peace charged two counts; the warrant issued on that complaint also charged two counts; the justice of the peace found that more than one offense had been committed; and the information charged two counts in substantially the language of the complaint and warrant. Even without the amendment of the transcript, there probably was sufficient to show that the defendant was held to answer for more than one offense.

In *State v. Geary*, 58 Kan. 502, 49 Pac. 596, the court said:

"After a justice of the peace has certified to the district court the record of a preliminary examination of an accused person held by him for trial upon a charge of crime, he may, upon such trial, by leave of the court, complete such record, in any respect in which it is deficient, by additional entries therein not inconsistent with the record as previously made and certified." (Syl. ¶ 1; see, also, *State v. Farrow*, 114 Kan. 202, 217 Pac. 700.)

All that was done by the justice of the peace in the present case was to properly certify to the district court what had been done by him on the preliminary examination. The amendment was permissible. It did not prejudice the defendant in any way. The plea in abatement was not good. It was not error to overrule it.

2. The defendant complains of an order overruling his motion filed at the conclusion of the evidence, asking that he be discharged. A demurrer to the evidence was also presented by the defendant.

42—119 Kan.

This was also overruled. It is argued that the evidence did not prove facts sufficient to sustain the allegations of the information. This argument is in part based on the contention that the record of the previous conviction before the justice of the peace was defective and irregular in that it did not show that a jail sentence had been imposed. Besides other evidence which tended to show that a jail sentence had been imposed, there was evidence that the defendant had applied to the district court for a parole from the jail sentence under that conviction and had received a parole. The evidence to show the offenses charged in the information on which the defendant was tried was ample. The evidence showed the previous conviction and sentence, and it showed two subsequent, separate and distinct sales of intoxicating liquor. The contention that the evidence did not show a previous conviction and sentence and the argument that the evidence was not sufficient to prove the offenses charged cannot be sustained.

Complaint is made of the instructions of the court. They have been examined, and no error has been found in them.

The judgment is affirmed.