No. 26,410.

THE STATE OF KANSAS, *Appellee*, v. LAYLE VANDEVEER (GLEN PURCELL) and FENTON COLE, *Appellants*.

SYLLABUS BY THE COURT.

INTOXICATING LIQUORS—*Prosecution—Information—Evidence.* Various assignments of error in a prosecution under the prohibitory law are held not to be well founded.

Appeal from Rush district court; ROSCOE H. WILSON, judge. Opinion filed November 7, 1925. Affirmed.

*Jerry E. Driscoll,* of Russell, for the appellants.

*C. B. Griffith,* attorney-general, *C. A. Burnett,* assistant attorney-general, and *E. A. Schwartzkopf,* county attorney, for the appellee.

The opinion of the court was delivered by

MASON, J.: Layle Vandeveer and Fenton Cole were convicted on one count of having intoxicating liquor in their possession, and on another of taking an order for intoxicating liquor and entering into a contract for its sale. They appeal.

The evidence tended to show these facts: Vandeveer made an offer to sell a gallon of whisky to one Philip Nazareneth, who said he would buy it. During the talk Cole and one Glen Purcell drove up in a car. Vandeveer said the liquor would be delivered about two miles from town, payment to be made to the two men in the car. Shortly afterwards Nazareneth drove in a car in the direction indicated. About a mile from town he saw two persons come away from a straw stack, get into a car and drive away. The sheriff after a talk with Nazareneth had followed the car referred to and saw Purcell get into it, carrying something. At a place where the tracks showed the car to have swerved from the road and then back into it he found a gallon jug of whisky buried in soft ground about eight feet from the edge of a field. He saw tracks leading to a straw stack and back to the road at a place where the car had previously stopped. He was familiar with the car and knew who owned it—had a good idea it was Cole's. A deputy who accompanied the sheriff could not identify the car by any particular

Criminal Law, 16 C. J. §§ 1423, 2415; Indictments and Information, 31 C. J. § 321; Intoxicating Liquors, 33 C. J. §§ 248, 505, 527, 531, 541.

marks, but Cole told him afterwards that he had driven it at the time referred to.

It is urged that there was no evidence that Cole was a party to the agreement for the sale of the liquor, that either of the defendants had possession of it, or that it was intoxicating. The first two facts are readily to be inferred from the evidence already outlined, and the third was covered by an express statement of the sheriff. It is said that the testimony of Nazareneth was unbelievable because contradictory to that which he had previously given. This was of course a question for the jury and trial court to determine. The contention is made that Nazareneth by virtue of agreeing to buy the liquor was an accomplice, and that a conviction could not be sustained by his uncorroborated testimony. He who buys intoxicating liquor is not regarded as an accessory to its sale. (*State v. Cullins*, 53 Kan. 100, 36 Pac. 56.) Corroboration of the testimony of an accomplice is not absolutely necessary to its being given effect, although upon proper request a monitory instruction should be given regarding it. (*State v. Bolton,* 111 Kan. 577, 207 Pac. 653.) No instruction was asked on any subject and no complaint is made of the instructions given. It is asserted that no showing was made that the offenses took place in Rush county. All the evidence related to transactions in La Crosse or within two or three miles of it. A final complaint is that the information was invalid because it charged both the taking of an order for intoxicating liquor and the contracting for its sale. The acts referred to are prohibited in the same section of the statute (R. S. 21-2115) and charging them in the same pleading or count does not result in duplicity. (*State v. Sherman,* 81 Kan. 874, 107 Pac. 33.)

The judgment is affirmed.