No. 26,918.

The State of Kansas, *Appellant*, v. Ray Bryan, *Appellee.*

SYLLABUS BY THE COURT.

1. Robbery—*Information—Duplicity as to Means of Intimidation.* An information in effect charging the accused with the felonious attempt to extort money and property from another by intimidation through different means, to wit, threatening to accuse him of having committed a felony and also threatening to assault and kill him, charged the single offense of robbery in the third degree, and is not bad for duplicity.

2. Same—*Instructions—Unanimity of Jurors.* In instructing a jury in such a case, it is enough to require the unanimity of the jurors as to extortion by intimidation, but it need not be required that there be unanimity as to the means effecting such intimidation.

Appeal from Cloud district court; John C. Hogin, judge. Opinion filed April 10, 1926. Reversed.

*C. B. Griffith,* attorney-general, *Leon W. Lundblade,* county attorney, and *Charles L. Hunt,* of Concordia, for the appellant.

*M. V. B. Van De Mark,* of Concordia, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.:   In an information Ray Bryan and Walter Moseley were charged with an attempt to extort money and property from Charles B. Davies by intimidating him with accusations and threats which constitute robbery in the third degree.   Bryan asked for a separate trial, which the court granted. The information contained two counts, but the first was dismissed on the motion of the state, and on motion of defendant the second was quashed upon the ground of duplicity.   The state appeals.

The following is the charge held to be multifarious:

"That at and in Cloud county, Kansas, on or about the 21st day of March, A. D. 1925, Walter Moseley and Ray Bryan, then and there being, then and there did, willfully, unlawfully, and feloniously verbally accuse and threaten to accuse one Charles B. Davies, then and there being, of the crime of assault with a deadly weapon, with intent to kill one Mabel P. Davies, and did then and there willfully, unlawfully and feloniously verbally threaten to the said Charles B. Davies, then and there being, to do injury to the person of him, the said Charles B. Davies, by taking the life of or assaulting him, the said Charles B. Davies, all with the view, intent and purpose then and there willfully, unlawfully and feloniously to extort and gain money and

Indictments and Informations, 31 C. J. p. 763 n. 31.   Robbery, 34 Cyc. p. 1802 n. 38.

property belonging to the said Charles B. Davies, and did then and there willfully, unlawfully and feloniously attempt, by intimidating him, the said Charles B. Davies, with said accusations and threats, to extort and gain from him, the said Charles B. Davies, money and property belonging to him, the said Charles B. Davies, contrary to the statute in such cases made and provided, and against the peace and dignity of the state of Kansas."

In ruling on the motion to quash, the trial court stated that the information charged several offenses of a distinct nature; that each of the means alleged to have been employed to extort money from Davies constitutes a separate offense, and if the case were submitted to the jury the court would feel compelled to instruct that all jurors must agree on the particular method or means of extortion employed by the defendant, and that if four of the jurors agreed it was done by a threat to accuse Davies of the crime of assault with a deadly weapon, and four other jurors should find that the threat was to injure or kill Davies, and if the remaining jurors should base their findings on an attempt to intimidate Davies by other threats to obtain money from him, the essential of unanimity would be lacking and the verdict invalid, and that to hold otherwise would materially prejudice the rights of the defendant.

The prosecution was based on R. S. 21-529, which reads:

"If any person shall, either verbally or by a written or printed communication, accuse or threaten to accuse another of any felony or other crime, or threaten to do any injury to the person or property of anyone, with a view or intent to extort or gain any money or property of any description belonging to another, and shall, by intimidating him with said accusation or threat, extort or gain from him any money or property, every such offender shall be deemed guilty of robbery in the third degree."

The statute defines the single offense of robbery in the third degree; that is, the extortion of money or property by several means of intimidation which are described. Did the charge that the intimidation employed by defendant consisted of threats and accusations of various kinds, all done with the intent and purpose to extort and gain money and property belonging to Davies, make it multifarious?

It is well settled that an offense which may be committed in one or more of several ways may be charged in a single count, setting forth that it was committed by the means mentioned, if they are not repugnant to each other, and were done at the same time by the same persons upon the same victim. The defendant was charged with the single offense of robbery in the third degree, through intimidation, produced by accusations and threats with the intent to

extort money and property, and for such intimidation and extortion but one penalty can be imposed. There is no repugnance in the accusations and threats that were employed to intimidate Davies. All were alleged to have been employed at the same time to frighten Davies with the intention to extort money. All constituted a single transaction and the attempt constituted but one offense. In *State v. O'Neil*, 51 Kan. 651, 33 Pac. 287, the defendant was charged in one count with killing his wife by assaulting her with a blunt instrument, inflicting mortal wounds; also with kicking, beating and choking her, inflicting certain other mortal wounds; and also with throwing her upon the ground and against a wall with force and violence, thereby inflicting still other mortal wounds; and of these mortal wounds, cuts and contusions she instantly died. There was a contention that there were three separate death assaults, strokes and injuries included in a single count, and that the information was therefore bad for duplicity. It was held that the different means employed in the homicide were not repugnant, and that all might be charged in a single count. In the decision the court said:

"Where a murder may have been committed by different means, and it is doubtful which was employed, its commission by all may be charged in one count of the information, and proof of any one will sustain the allegation, but the means so charged in the same count of the information must not be repugnant." (Syl. ¶ 1.)

In *State v. Meade*, 56 Kan. 690, 44 Pac. 619, defendant was charged with fradulently and by false pretenses of obtaining a signature to a written instrument, and also of obtaining money by false pretenses, and it was contended that being in a single count the charge was multifarious. It was held that where the acts were committed by the same person at the same time, they may be charged together in a single count as constituting a single offense.

"In such cases each one of the acts may be considered as representing a step or stage in the same offense and all combined may be set forth in the same count and treated as a single violation of law." (p. 693.)

In *State v. Dunn*, 66 Kan. 483, 71 Pac. 811, the defendant was charged in a single count with larceny from the person and from the pocket, and a motion to quash the information on the ground of duplicity was overruled. On this challenge it was contended that the statute created the distinct and separate offenses of pocket picking and larceny from the person which could not be joined in a single count. It was said:

"The statute, however, described but one offense. It is commitable by acts which may extend to the pocket in one instance and to other portions of the person in another, but if the same transaction affect both pocket and person the law is violated but once, and the full scope of the acts done may be charged in one count without making the information multifarious." (p. 486.)

In the opinion reference was made to *State v. Pickering*, 57 Kan. 326, 46 Pac. 314, where it was decided that the crime of robbery by force and violence includes larceny from the person, and that a conviction of the latter may be had under a charge of the former.

*State v. Johnson*, 85 Kan. 54, 116 Pac. 210, was a prosecution for enticing, decoying, taking and receiving a female child under eighteen years of age into a house of ill fame for the purpose of prostitution. The charge was in a single count and it was urged that it embraced several criminal acts, to wit: inducing, decoying, taking and receiving, and therefore the information was duplicitous. It was held that the offense was the getting of the girl into a house of ill fame for the purpose of prostitution, and that if the accused did one of the things mentioned he committed an offense, or if all of the things were done by him in one transaction he committed only a single offense and incurs but a single penalty. The rule was affirmed that if an offense may be committed by several different means and these acts are connected with and form a part of a general offense, its commission by all the means may be charged in a single count.

Another case in point is *State v. Fleeman*, 102 Kan. 670, 171 Pac. 618. The accused was prosecuted for maintaining a place where prostitution, fornication and concubinage were practiced. He moved to quash the information upon the ground that several felonies were embraced in the count on which he was prosecuted. In the decision it was said:

"The defendant says he was charged in a single count with numerous felonies—keeping a place where prostitution was practiced, keeping a place where fornication was practiced, keeping a place where concubinage was practiced, and several others. He further says he was bewildered by uncertainty whether he should prepare to meet evidence that he kept the place, or only assisted in keeping it, and evidence that he owned the place, or merely leased it. The statute creates a single offense—keeping a place for unlawful sexual commerce on premises for which the keeper is responsible. The keeping may be by one who keeps, or maintains, or who assists in keeping, or maintaining. The place may be a house, or any other place. The commerce may be prostitution, fornication, or concubinage, and the place may be one distinctively for such commerce, or one where such commerce is practiced, or is permitted,

State v. Bryan.

or is allowed. Responsibility for the premises may be by virtue of ownership, or lease, or control. The substance of the offense is keeping a vicious place, and only one offense is committed if all the immoral practices named be indulged there." (p. 676.)

Other authorities of like import are *State v. Hewes,* 60 Kan. 765, 57 Pac. 959; *State v. Bush,* 70 Kan. 739, 79 Pac. 657; *State v. Sherman,* 81 Kan. 874, 107 Pac. 33; *State v. Shiffler,* 93 Kan. 618, 144 Pac. 845; *State v. Richmond,* 96 Kan. 600, 152 Pac. 644; 22 Cyc. 379; 14 R. C. L. 194.

In disposing of the motion the trial court remarked that in instructing a jury in this or a like case it would be required to advise them that all the jurors must concur as to the particular means employed in the commission of the offense. That would not be necessary. In this case it would be enough that the jurors concurred in finding the single offense was committed or attempted to be committed by intimidation through any or all of the means alleged. If the accused intimidated Davies by accusations, that he had committed a crime or threats of bodily injury with the intent of extorting money or property from him, a crime was committed regardless of whether the intimidation was effected by one or more of the alleged means. There must be unanimity that extortion was committed or attempted through intimidation and that is as far as the court is required to go in the instructions as to unanimity in the mental operations of the jurors in reaching a verdict.

The judgment of the trial court is reversed and the cause remanded for further proceedings.