No. 32,972

THE STATE OF KANSAS, *Appellee*, v. WILLIAM PENDLETON, *Appellant*.

(61 P. 2d 107)

Opinion filed October 10, 1936.

*Thomas E. Wagstaff* and *Jay W. Scovel*, both of Independence, for the appellant.

*Clarence V. Beck*, attorney general, *Theo. F. Varner*, assistant attorney general, *Richard L. Becker*, county attorney, and *Raymond Belt*, deputy county attorney, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action wherein the defendant was convicted of manslaughter in the fourth degree and as a persistent violator of the prohibitory laws on two counts, one for having intoxicating liquor in his possession and the other for transporting intoxicating liquor from one place to another. He appeals.

On Sunday night about 7 o'clock on September 1, 1935, the defendant was driving an automobile east on Laurel street in the city

of Independence. Paul Ketterer and Mary Ketterer, his wife, were driving west on Laurel. When Mr. and Mrs. Ketterer approached the intersection of Laurel and Twelfth streets they stopped and waited for three automobiles approaching from the west to pass through the intersection. Mr. Ketterer saw another automobile approaching, according to his evidence, about 200 or 250 feet away. When Mr. Ketterer drove into the intersection he turned to the left and the automobile driven by the defendant collided with the automobile driven by Mr. Ketterer. Mrs. Ketterer was thrown out of the automobile, underneath the automobile driven by defendant, and died that night. Defendant was charged in the first count with manslaughter in the fourth degree. The basis of this charge was that on account of his culpable negligence in driving an automobile at a speed greater than reasonable and proper, having no regard for the traffic and use of the streets, thereby colliding with the automobile in which deceased was riding, defendant caused the death of deceased. The second count charged that defendant while operating an automobile when under the influence of intoxicating liquor killed deceased. The third count charged the defendant with being a persistent violator of the prohibitory law, and in this case he had in his possession intoxicating liquor. The fourth count made the same charge except that it concerned transportation of liquor.

The jury was advised that if they convicted defendant on the first count they should not convict him on the second. The result of the trial was that defendant was convicted on the first, third and fourth counts. His motion for a new trial was overruled, and he appeals.

The first specification of error argued by defendant is that the trial court admitted incompetent evidence.

It will be noted that the second count of the information charged that the defendant, while operating an automobile when under the influence of intoxicating liquor, killed deceased. In order to establish this charge it was incumbent on the state to prove that defendant was intoxicated when the collision occurred. Several police officers testified that when they arrived on the scene shortly afterwards he was intoxicated. They testified they could tell that he was intoxicated by the way he talked, by the smell of liquor on his breath and his actions in general. Early in the proceedings it became apparent that the defendant intended to contend that anything out of the ordinary in his conduct shortly after the collision was due to his being injured and sustaining a shock to his nervous system

at the time of the collision. Counsel for the state asked these witnesses whether they had ever seen defendant on other occasions when he was intoxicated. They were permitted to answer this question and did answer it in the affirmative over the objections of defendant. It is the admitting of this evidence that the defendant urges was error. Defendant argues that this evidence was incompetent because it was evidence of a crime other than the one charged in the information. If evidence is otherwise competent it is not rendered incompetent because it tends to prove that the defendant is guilty of another crime.

In this case the evidence to which objection was made was introduced to establish that the witnesses who testified that defendant was intoxicated were familiar enough with the actions and appearance of defendant to be able to have an intelligent opinion on the subject. A police officer who had seen defendant intoxicated on other occasions would be better able to tell that defendant was intoxicated rather than suffering from shock. We have concluded that the evidence in question was properly admitted.

Defendant next argues that the trial court gave erroneous instructions to the jury. The instruction of which defendant complains was as follows:

"You are instructed that if you find from the evidence that the defendant [deceased] and her husband driving the automobile in which they were riding or either of them were reckless or negligent in approaching the intersection of Laurel and Twelfth streets and turning into said intersection when they knew or might have known that the defendant was driving a car from the west approaching said intersection and as a result thereof there might be a collision of the two automobiles and result in the death or serious injury of any or all parties in either of said automobiles, then you should take such facts and circumstances as disclosed to you by the evidence in this case, and after having done so and you have a reasonable doubt in your mind as to the guilt of the defendant, you should resolve that doubt in favor of the defendant and acquit him."

Defendant argues that the duty of the deceased and her husband when approaching the intersection should have been more clearly stated. In connection with the argument on this question defendant argues that his requested instructions numbers four and five should have been given.

The only difference between instruction fourteen that was given, and requested instructions four and five which were not given, is that the requested instruction tends to place upon the state the burden

of proving that deceased and her husband were not guilty of negligence as they entered the intersection. Contributory negligence on the part of the deceased is not a defense to a charge of manslaughter. It is only a circumstance determining whether it was or was not caused by the unlawful conduct of the defendant. (See *State v. Custer*, 129 Kan. 381, 282 Pac. 1071.) We have concluded that the question under consideration was fully covered by the instructions given.

The next argument made by defendant is that the verdict was contrary to the law. It will be noted that defendant was convicted of being a persistent violator of the prohibitory law in two counts. Defendant points out that the proof offered showed that he had prior to this case been convicted of a violation of one of the provisions of the prohibitory law. Defendant refers to R. S. 21-2146. It reads as follows:

"Any person, who, having once been duly convicted of violations of the prohibitory law and who shall thereafter, directly or indirectly, violate the provisions of the prohibitory liquor law, shall be considered a persistent violator."

It will be noted that the word "violations" is used. From this defendant argues that in order for him to be convicted as a persistent violator the state was bound to prove that he had been convicted of more than one previous violation. This court held to the contrary of this contention in *State v. Watson*, 92 Kan. 983, 142 Pac. 956. To that conclusion we still adhere. Under this head the defendant further argues that the verdict was contrary to the law because he was convicted in count three of having liquor in his possession and in the fourth count of transporting liquor. He argues that the transportation and possession were the same act and constitute but one offense. This question was settled against the contention of the defendant in the case of *State v. Farrow*, 114 Kan. 202, 217 Pac. 700.

The defendant next argues that the verdict of the jury was contrary to the evidence. Defendant argues that the evidence discloses that the husband of the deceased was guilty of culpable negligence rather than the defendant. Nothing would be added to the value of this opinion by detailing the evidence here. Suffice it to say that there was evidence both ways on the question. Under proper instructions the jury resolved the doubt against the defendant. There is nothing this court can do about it.

The judgment of the trial court is affirmed.