### THE STATE OF KANSAS V. FRANK FOSTER.

1. OFFENSE, *Charged in Statutory Language.* In charging statutory offenses, except in those cases in which the statute simply designates and does not describe or name the constituent elements of the offense, it is generally safe to use the language of the statute.

2. ——— *Sufficient Charge.* In an information under §134 of the crimes act, a charge that defendant "passed, uttered and published" the forged instrument is a statement of fact and not of a conclusion of law, and is sufficient.

3. EXPERT TESTIMONY—*Three Witnesses.* Section 216 of the code of criminal procedure applies only to persons of skill or experts, and the rule of three witnesses therein named obtains only when the testimony is purely expert testimony.

### *Appeal from Shawnee District Court.*

AT the April Term, 1883, of the court, *Foster* was found guilty of violating § 134 of the crimes act, and sentenced to the penitentiary for the term of four years. He appeals. The opinion states the facts.

*James J. Hitt,* for appellant.

*A. H. Vance,* county attorney, for The State.

The opinion of the court was delivered by

BREWER, J.: Defendant was convicted in the district court of Shawnee county, under § 134 of the crimes act, of the crime of passing, uttering and publishing a certain forged draft, and sentenced to the penitentiary for the term of four years. From such conviction and sentence he appeals to this court.

So far as any questions are made as to the joinder of several counts, or the ruling of the court on the motion to compel the state to elect, they are disposed of by the fact that a *nolle* was entered as to all but the third count, leaving the case to go to the jury as though there was but a single count charging the one offense of passing, uttering and publishing as above. Now the first proposition of appellant is, that the

information is fatally defective in not charging that the draft was drawn by or upon an incorporated bank. Sections 121 and 122 speak of drafts, but they mention only drafts by or upon incorporated banks. Of course those sections do not apply, for the information charges no such draft. The state does not claim to prosecute under those sections, but is proceeding under section 134. This does not, it is true, use the word "draft," but it uses the general terms "instrument or writing," and in that way covers every instrument or writing not within the special definition and scope of any prior section.

Again, it is insisted that the information is defective in that it fails to contain a statement of the facts constituting the offense in plain language. The point here is this: the section reads, "Every person who, with intent to defraud, shall pass, utter or publish, or offer or attempt to pass, utter or publish, as true, any forged or counterfeited instrument or writing," etc. Now the information uses these words, and charges that the defendant did "pass, utter and publish as true." This, it is claimed, is no statement of facts, but simply of conclusions of law; and the case of *Commonwealth v. Williams*, 13 Bush (Ky.), 267, is cited as authority. We do not think the claim is well taken. This is a statutory offense, and it is a general proposition that it is sufficient to allege such an offense, in an information, in the words of the statute. (*The State v. Barnett*, 3 Kas. 250; *The State v. White*, 14 Kas. 540; Cr. Code, § 108; vol. 7, U. S. Dig. [1st series], pp. 379–80, §§ 205–6, and authorities cited therein; also *The State v. Johnson*, 26 Iowa, 407; *People v. Rynders*, 12 Wend. 426.) While there may be some limitations on this general doctrine, as where the statute simply designates the offense, and does not in express terms name its constituent elements, yet we think the rule obtains in the case at bar. Of course it was never the duty of the pleader to narrate the evidence, and we think the words "pass, utter and publish" make a clear and sufficient description of fact. They are words of common use, and refer to acts which are understood by every one. So that, notwithstanding the remarks of the court in

the case cited from 13 Bush, we think the information states the facts, and is not subject to the objection made.

The only other proposition rests upon the construction to be given to §216, code of criminal procedure. That reads as follows:

"Persons of skill, or experts, may be called to testify as to the genuineness of a note, bill, draft, certificate of deposit, or other writing; but three witnesses at least shall be required to prove the fact, except, in case of larceny thereof, the single evidence of the president, cashier or teller of the bank purporting to have issued the same, or the maker thereof, may be received as sufficient."

In the case at bar, only one witness, the cashier of the bank at Minneapolis, testified as to the genuineness of the draft. It is true this testimony was corroborated by evidence of admissions on the part of the defendant, and in other ways, but still the only direct and specific testimony concerning this matter was that of the cashier, as above stated. Now it is claimed that this section requires three witnesses at least, except in the case of larceny. We do not so understand the scope of the section. It refers entirely to expert testimony. The first part of the section provides for the testimony of experts; and the latter part, while it says three witnesses, and does not specifically refer to the former part of the section, yet as we think unquestionably does so refer, and means simply that when a case rests solely upon expert testimony, three witnesses are necessary. Here the cashier did not rest his testimony upon a mere comparison of handwriting, or anything of that kind. It was positive that this draft was not the draft of the bank. Of course many things beyond the fact of the handwriting enabled him to give such testimony. We think, therefore, that the section has no application to the case at bar; and the court properly refused the instruction asked.

There being no other question, the judgment will be affirmed.

All the Justices concurring.