THE STATE OF KANSAS v. EDWARD BELLAMY.

No. 12,289.   (65 Pac. 274.)

SYLLABUS BY THE COURT.

CRIMINAL LAW — *Larceny* — *Form of Complaint*. Where the statute specifically describes an offense or uses language descriptive of it, a complaint drawn thereunder should substantially follow the descriptive language. A complaint which charges "that the defendant did steal, take and carry away certain personal property, to wit, forty pounds of barb-wire, of the value of two dollars," etc. is not sufficient to admit testimony or support a conviction of severing from a fence certain portions thereof and converting it, with intent to steal.

Appeal from Harper district court; P. B. GILLETT, judge. Opinion filed June 8, 1901. Division one. Reversed.

*A. A. Godard,* attorney.general, and *R. P. McColloch,* county attorney, for The State.

*Geo. E. McMahon,* and *E. C. Wilcox,* for appellant.

The opinion of the court was delivered by

GREENE, J. : The appellant was complained of under section 80 of the crimes-and-punishment act (Gen. Stat. 1901, § 2071) :

"Every person who shall steal, take, and carry away any money or personal property or effects of another, under the value of twenty dollars (not being the subject of grand larceny, without regard to value) shall be deemed guilty of petty larceny, and on conviction shall be punished by imprisonment in the county jail not exceeding one year, or by fine not exceeding one hundred dollars, or by both such fine and imprisonment."

The complaint charged :

"That on or about the 21st day of March, 1900, in the county of Harper, in the state of Kansas, Edward

Bellamy did then and there unlawfully take, steal and carry away certain personal property and effects of the affiant, to wit, about forty pounds of barb-wire, of the value of two dollars, contrary to the statutes in such cases made and provided and against the peace and dignity of the state of Kansas.''

On the trial, the proof was that the property so taken and carried away was a strand of barb-wire, and at the time it was so taken was securely fastened to posts that were firmly set in the ground; that it was one of several strands, and, before being so detached, was a part of a barb-wire fence that had been standing for several years.

The evidence also showed that the detaching of the wire and the asportation were one continuous act. When the state rested, defendant demurred to the evidence, and also filed a motion to discharge and one for a verdict on the evidence, all of which were separately overruled, and appellant excepted. He then introduced testimony, but it did not disprove the offense established by the state. The jury returned a verdict of ''guilty, as charged in the complaint.'' The defendant filed his motion for a new trial, which was overruled, and he appeals.

This conviction was under section 87 of the crimes-and-punishment act (Gen. Stat. 1901, § 2080):

''If any person shall sever from the soil of another any produce growing thereon, or shall sever from any building, or from any gate, fence or other railing or inclosure, or any part thereof, or any material of which it is composed, and shall take and convert the same to his own use, with the intent to steal the same, he shall be deemed guilty of larceny in the same manner and of the same degree as if the articles so taken had been severed at some different or previous time.''

Is this information sufficient to admit the testimony offered and to sustain the conviction? Counsel for ap-

pellant have ably argued that it is not. The contention of the state is that section 87 only prescribes a rule of evidence by which simple larceny may be proved. With this contention we do not agree. The offense established by the evidence, under section 87, is not included in the general charge of petty larceny. It is not one of the grades of that offense. This section creates a different and distinct offense, although called larceny, and differs materially from simple larceny in one very essential particular. It is not necessary in the prosecution for a simple larceny to prove that the defendant converted the property stolen to his own use. If he stole and carried it away, with the intent to deprive the owner of the use of his property, he is guilty. This is not sufficient to sustain a conviction under section 87. Under that section it must be shown that the appellant detached the property and converted it to his own use, with the intent to steal it. The law presumes every one innocent; therefore one charged with a crime is presumed to know nothing concerning it except what is charged in the written complaint lodged against him, and he has a right to demand that the nature and cause of the accusation thus charged be clearly and specifically set out, that he may be fully informed thereof. (*The State v. Behee*, 17 Kan. 404; *The State v. Brooks*, 33 id. 714, 7 Pac. 591.) Mr. Wharton, in his work on Criminal Law, volume I, section 364, says:

"Where the words of the statute are descriptive of the offense, the indictment should follow the language and expressly charge the described offense of the defendant, or it will be defective. In such case the defendant must be specially brought within all the material words of the statute; and nothing can be taken by intendment."

Mr. Bishop, in his work on Statutory Crimes, in

section 415, in speaking of larceny of things fixed to the realty, uses this language : "Still, in these cases, the indictment must follow any descriptive words which the statute may contain." In the same section he gives the following examples illustrative of the force of this rule :

"Thus, it was in England provided by Stat. 2 and 3 Vict., c. 58, § 10, that, 'if any person, etc., shall take, etc., the ore, etc., being in such mine,' etc., he 'shall be deemed, etc., guilty of felony, and, being convicted thereof, shall be liable to be punished in the same manner as in the case of simple larceny' ; and it was ruled that the words 'being in such mine' should in some way be covered by the allegation. Therefore, where the indictment simply charged that the defendants, persons employed in a mine, at a place named, did steal ore, the property of the adventurers in the said mine, then and there being found, it was insufficient, as not showing the property to have been in the mine when stolen. (*Reg. v. Trevenner*, 2 Moody and R. 476. And see Archb. Crim. Pl. and Ev., 13th ed., 300, 301.) In like manner, when Stat. 4 Geo. 2, c. 32, made it punishable in any one to 'steal, rip, cut or break with intent to steal, any lead, etc., being fixed to any dwelling-house,' the words 'being fixed to any dwelling-house,' were important, and it was necessary they should be covered by the allegation."

When the statute specifies certain acts, which if done in a particular way will constitute a crime, the pleader must bring his indictment fairly within the statute ; he must describe the offense either in the descriptive language of the statute, or in such language of his own as will, by a fair interpretation thereof, include the descriptive language used in the statute. It is always safer to follow the statute. No attempt was made in this case to do either.

The judgment of the court below will be reversed.

JOHNSTON, CUNNINGHAM, ELLIS, JJ., concurring.