The State v. Seely.

---

THE STATE OF KANSAS v. CHARLES SEELY.

No. 13,054.   (69 Pac. 163.)

SYLLABUS BY THE COURT.

CRIMINAL PROCEDURE — *Information — Language of Statute.* Where a statute in creating an offense specifically sets out the facts constituting such offense, an indictment or information charging the commission of that offense in the language of the statute is sufficient.

Appeal from Pawnee district court; J. E. ANDREWS, judge. Opinion filed June 7, 1902. Affirmed.

*A. A. Godard,* attorney-general, and *George W. Finney,* county attorney, for The State.

*H. S. Rogers,* and *Charles C. Keran,* for appellant.

The opinion of the court was delivered by

GREENE, J.: The appellant was informed against, arrested, tried, and convicted of the crime of robbery in the first degree, in the district court of Pawnee county, and sentenced to confinement at hard labor in the penitentiary for a period of ten years from the 26th day of September, 1901, from which judgment and sentence he appeals to this court.

The only question presented is as to the sufficiency of the information. The objection urged is that the information does not state that the assault was made with a felonious intent. It charges "that on the 3d day of August, A. D. 1901, in said county of Pawnee and state of Kansas, one Charles Seely and Oliver Townsend did then and there unlawfully and feloniously steal, take and carry away from the person of George N. Harbold, forcibly, against his will, and by violence to his person, by jumping upon, seizing, choking and holding him, the said George N. Harbold, by the throat, $33.33 in currency and coins of the government of the United States of America coinage and issue, consisting of three certain ten-dollar national bank notes or United States treasury certificates or notes, each being current money of and in the United States of America, and each being of the value of ten dollars of lawful money of the government of the United States." It contains other allegations not material in the disposition of this case.

Section 2064 of the General Statutes of 1901, under which this information was drawn, reads:

"Every person who shall be convicted of feloniously

taking the property of another from his person or in his presence, and against his will, by violence to his person, or by putting him in fear of some immediate injury to his person, shall be adjudged guilty of robbery in the first degree."

The objection urged in the court below, as well as in this court, is that the information does not charge a felonious intent.   It will be observed that this information literally follows the statute, and that the statute defines the offense not in its generic terms, but by specifically stating the facts which constitute the offense.   It is said in the Encyclopedia of Pleading and Practice, volume 10, page 483 :

"While it is essential that all the facts constituting an offense must be so stated as to bring the defendant precisely within the law, it is a rule of universal application that, when a statute creates an offense and sets out the facts which constitute it, the offense may be sufficiently charged in the language of the statute."

This rule has no application, however, where the statute creates an offense by generic terms.   In such case an information or indictment following the statute would be defective.   The facts constituting the particular offense must always be pleaded.

It is contended that robbery is a felony at common law, and since the statute has defined it in the words of the common law, an information, to be good under the statute, must plead the facts so specifically as to be a good common-law indictment.   Conceding this to be true, the facts pleaded in the present information would be a good indictment at common law, and the information is in such form as is given in Archbold's Criminal Pleading and Practice (12th ed.), volume 3, page 417.

The intent is not absent in the present pleading. The statement "that the appellant did feloniously as-

sault, steal, take and carry away from the person of George N. Harbold, forcibly, against his will and by violence to his person, by jumping upon, seizing, choking and holding him," are allegations which show the felonious intent. This information is sufficient. In *The State v. Ready*, 44 Kan. 697, 26 Pac. 58, it was held that an information charging robbery in the language of the statute is sufficient.

Another objection made to this information is that it is not direct and certain as to the property stolen. Upon this question we think it is amply sufficient.

The judgment of the court below is affirmed.

SMITH, POLLOCK, JJ., concurring.