The State of Kansas, *Appellee*, v. Joe N. Stickler,
*Appellant*.

No. 18,490.

### SYLLABUS BY THE COURT.

1. Forgery—*Altering Check—Sufficient Information.* An allegation in an information that the accused feloniously and falsely altered a check by adding $100 to the amount for which it had been drawn, and that it was done with the intent to defraud the drawer, sufficiently alleges that the alteration was made without the drawer's consent or authority.

2. ―――― *Same.* As the check alleged to have been materially altered was apparently valid and the foundation of a legal liability if genuine, it was unnecessary to allege extrinsic facts as to how it might have been used to defraud the drawer.

3. ―――― *Same.* The information was not defective because it did not refer to the particular section of the crimes act under which the accused was prosecuted.

4. Evidence—*Forgery—Disposition of Altered Check.* In a prosecution for altering and forging a check the reception of testimony as to the disposition which the accused made of the check was not error, as it tended to support the charge that the altering and forging was done with intent to defraud.

5. ―――― *Photograph.* The receipt of a photographic copy of a paper which itself had been introduced in evidence is not material error where it appears that the photograph is a true copy of the original.

Appeal from Seward district court; William H. Thompson, judge. Opinion filed November 8, 1913. Affirmed.

*V. H. Grinstead,* and *Arthur C. Scates,* both of Liberal, for the appellant.

*John S. Dawson,* attorney-general, *S. N. Hawkes,* assistant attorney-general, and *Clyde R. Commons,* county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The appellant was prosecuted upon the charge of altering a check and was convicted of forgery in the second degree. In the information it was, in substance, alleged that he unlawfully, feloniously and falsely altered a check drawn upon the Citizens State Bank by C. W. Johnson in favor of himself for $25 by placing the figure "1" before the figures "25" in that part of the check where the amount is shown by figures and by writing the words "One Hundred" above the words "Twenty-five" in the line where the amount is written, that the change was made after the check had been delivered to appellant, and that it was feloniously and falsely altered and raised for the purpose of defrauding Johnson.

The sufficiency of the information is challenged, the first contention being that it failed to state that the alteration was made in Seward county. There is no ground for this contention as in the opening sentence containing the charge it is stated: "That on or about the 8th day of September, A. D. 1911, in the county of Seward and in the state of Kansas, said defendant . . . did then and there" do the things contained in the charge. The information may be exceptional in that the venue was stated but once in charging the commission of the offense, but a repetition of it would not have strengthened the charge. (Crim. Code, § 110, subdiv. 2.)

There is a claim that the information is defective in failing to state that the check was altered without the authority or consent of the drawer. It is alleged that it was falsely and feloniously altered and forged with the intention of defrauding the drawer, which was fair warning to appellant that he was expected to answer the charge that it was done without the drawer's authority. It is, in general, sufficient to charge an offense in the words of the statute, and this information

contained that, and more also. The language of the charge clearly implies that the check was altered without authority. The trial court proceeded on that interpretation of the charge, as it appears that express testimony was offered and received to the effect that Johnson gave appellant no authority to alter or raise the check.

Another objection is that the information did not state how Johnson was defrauded. On its face the check as altered appeared to be a valid instrument, of legal efficacy and the foundation of a legal liability, and hence any averments of extrinsic facts as to how it might be used to defraud were unnecessary. (*The State v. Foster*, 30 Kan. 365, 2 Pac. 628; 19 Cyc. 1405.)

It would have been superfluous to have alleged or shown the effect that the forgery or loss of $100 would have had upon Johnson.

It was not necessary, either, to allege the section of the statute under which the appellant was prosecuted, as he insists should have been done. It was enough to allege plainly that an offense had been committed without incorporating in the information the part of the printed statute in which its definition might be found. (Crim. Code, § 109, subdiv. 4.)

Another complaint is that testimony in regard to the passing of the check was received although no averment of uttering it was contained in the information. It came out incidentally in the trial in proving the intent to defraud that the appellant had transferred the check to one Smith, a druggist, who upon learning that Johnson had a sufficient amount in the bank to meet it paid the appellant $125 for the check and then had it deposited at the bank and received a credit in his account for the amount. This testimony was not offered to establish the offense of uttering, but rather for the purpose of showing the intent of appellant to defraud Johnson. The intent to defraud is the essen-

50—90 KAN.

tial element of the offense of forgery, and any testimony of acts or statements of the accused tending to show that the alteration was made to defraud was competent.

Complaint is also made as to the admission of photographic copies of blank leaves of the check book. Instead of having stubs at the ends of the blank checks the check book was made up of alternate leaves, one a blank check and the one below a stub on which was to be kept a record of the check issued. In writing the check the indentation made by the pencil on the check could be seen on the stub leaf below, and that leaf indicated that the check as originally written was for $25 only. On the indented leaf containing the impression of what had been written on the leaf above the figure "1" does not appear before the figures "25," nor do the words "One Hundred" appear before the words "Twenty-five" on the line of the check where the amount was written. The check book itself, with the stub leaf so indented, was introduced in evidence and tended to support the theory of the prosecution. It was unnecessary to offer the photographic copies of the leaf after the leaf itself had been introduced, and as they were not the best evidence the court might well have excluded them. The original and the copies of the leaf have been presented to this court and the photographs are found to be true copies of the original leaf. Since the photographs contain nothing more than is in the original leaf which was introduced in evidence, no possible prejudice could have resulted from their introduction.

Some criticism is made of the instructions given to the jury, but nothing is found in them to justify complaint.

The testimony appears to uphold the verdict, and the judgment of the trial court will be affirmed.