No. 19,354.

THE STATE OF KANSAS, *Appellee*, v. WILL BRIGGS, *Appellant*.

### SYLLABUS BY THE COURT.

1. LIQUOR LAW—*What Constitutes a "Persistent Violator."* Under chapter 165 of the Laws of 1911 a sale of liquor or the maintenance of a nuisance in violation of the prohibitory law by one who is shown to have previously violated such law is deemed to constitute such person a persistent violator.

2. SAME — *Repeated Violations — Constitute but One Offense.* Whether such repeated violations be few or many, as shown by the evidence on the trial of a charge consisting of one or many counts, they constitute not many offenses but one, the penalty for which is imprisonment in the penitentiary at hard labor for not more than one year.

3. SAME—*Each Count of the Information Must Be Complete in Itself.* Each count of an information should be complete in itself, and in this class of cases should not merely charge that the plaintiff made a sale or maintained a nuisance and is a persistent violator, but should set forth the facts of the prior conviction and the subsequent violation in such manner as to show that the defendant, if the charge be true, has become a persistent violator.

4. SAME—*Improper Language by County Attorney in Addressing Jury.* Language used by the county attorney in addressing a jury, though somewhat improper, will not be deemed materially prejudicial unless such as fairly to lead to the conclusion that the jury were thereby swerved from the performance of their duty.

5. SAME—*"Persistent Violator" Law Constitutional.* The rule already announced in other decisions that the statute in question is constitutional, followed.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed January 9, 1915. Affirmed in part and reversed in part.

*W. I. Jamison,* and *W. Herbert Jamison,* both of Topeka, for the appellant.

*John S. Dawson,* attorney-general, and *W. E. Atchison,* county attorney, for the appellee.

The opinion of the court was delivered by

WEST, J.: The defendant was charged in one count with having on the ——— day of October, 1913, unlawfully and feloniously sold one-half pint of whisky in violation of law, and with having on the 3d day of the previous June voluntarily pleaded guilty to keeping and maintaining a· common nuisance in violation of the prohibitory law, thereby becoming a persistent violator thereof. In the second count he was charged with having unlawfully and feloniously maintained a nuisance in violation of the prohibitory liquor law. A motion to quash the information was overruled. The jury were instructed that if they believed· beyond a reasonable doubt that the defendant was on June 3, 1913, duly convicted upon his voluntary plea of guilty of maintaining a nuisance and was guilty of making the alleged sale as charged in the information it would be their duty to return a verdict of guilty. That under the second count if they believed beyond a reasonable doubt that the defendant had maintained a nuisance as therein charged and had on the third day of June, 1913, been convicted upon his plea of guilty of keeping and maintaining a common nuisance he would be guilty of a felony under the second count and their verdict should be accordingly. The defendant was sentenced to the penitentiary for one year on each count in the information. Complaint is made that the former con-

viction was not pleaded in the second count, and that even if it had been so pleaded it would not have charged any additional offense for which sentence could be pronounced.

The statute in question provides that any one "having once been duly convicted of the violations of the prohibitory liquor law and who shall thereafter directly or indirectly violate the provisions of the prohibitory liquor law shall be considered a persistent violator of the prohibitory liquor law and shall be deemed guilty of a felony" (Laws 1911, ch. 165, § 1), and upon conviction shall be imprisoned in the penitentiary at hard labor for not more than one year.  As quite plainly indicated by the language of this section, when one is found guilty of a violation of the prohibitory law and at the same time is found to have been previously convicted of a violation thereof the effect is to place the defendant in the status of a persistent violator, or in other words to classify him as one who has been judicially determined to possess a disposition to violate the prohibitory law persistently, for which persistent violation he is to be punished.  The legislators evidently intended to make good the saying that "The law is a terror to evildoers."  The principle under consideration was decided in *The State v. Shiffler*, 93 Kan. 618, 144 Pac. 845.  It follows, therefore, that repeated violations shown by the evidence, under one or many counts, when added to the previous conviction, do not constitute separate felonies, but one; and hence, if the penalty imposed under the second count was additional to that imposed under the first count such penalty would be erroneous.  If, however, it simply runs concurrently with the other the punishment provided by statute would not thereby be exceeded.  (*In re Weisman*, 93 Kan. 161, 143 Pac. 487.)  The transcript discloses that the penalties imposed were cumulative and not concurrent, and hence the one based upon the second count is void.

While it is often sufficient to charge an offense in

the words of the statute, still such words must be descriptive of such offense, and it is always the rule that the facts constituting the offense must be pleaded. (*The State v. Foster,* 30 Kan. 365, 2 Pac. 628; *The State v. Bellamy,* 63 Kan. 144, 65 Pac. 274; *The State v. Seely,* 65 Kan. 185, 69 Pac. 163; *The State v. Buis,* 83 Kan. 273, 111 Pac. 189.) Except for the use of the word "feloniously" in the second count, no fact is stated indicating persistency, and hence not even the language of the statute, nor that portion thereof that one doing certain things shall be considered a persistent violator, was followed. Each count of an information requires the same completeness as an information containing but one count (*The State v. Fields,* 70 Kan. 391, 78 Pac. 833), and in this class of cases should set forth the facts of the prior conviction and the subsequent violation in such manner as to show that the defendant, if the charge be true, has become a persistent violator.

Earnest complaint is made of certain language used by the county attorney in addressing the jury, and it is argued that prejudice resulted therefrom to the defendant. We have carefully examined the statements indulged in, and while some of them would have been better left unuttered, we find nothing which would fairly lead to the conclusion that the jury were by reason of such statements swerved from the performance of their duty. The ingenuity of counsel has suggested divers objections to various rulings upon the trial, but no prejudicial error appearing therefrom they need not be discussed. The validity of the statute is also assailed, but prior decisions set that matter at rest. (*The State v. Adams,* 89 Kan. 674, 132 Pac. 171; *The State v. Schmidt,* 92 Kan. 457, 140 Pac. 834; *The State v. King,* 92 Kan. 669, 141 Pac. 247; *The State v. Watson,* 92 Kan. 983, 142 Pac. 956.)

The judgment is affirmed except as to the second count, and the cause is remanded with directions to set aside the sentence thereunder.