No. 26,372.

The State of Kansas, *Appellee*, v. Luke Reed, *Appellant*.

SYLLABUS BY THE COURT.

1. Indictment and Information—*Sufficiency—Necessity for Specific Objection.* A question as to the sufficiency of an information should be specifically presented to the trial court.

2. Intoxicating Liquors—*Persistent Violators—Information—Sufficiency.* An information charging persistent violation of the prohibitory liquor law examined and held sufficient to sustain a verdict.

Appeal from Pawnee district court; Roscoe H. Wilson, judge. Opinion filed October 10, 1925. Affirmed.

*H. S. Rogers* and *Richard H. Browne,* both of Larned, for the appellant.

*Charles B. Griffith,* attorney-general, *C. A. Burnett,* assistant attorney-general, *Blaine Roberts,* county attorney, *W. H. Vernon, Jr.,* and *J. S. Vernon,* both of Larned, for the appellee.

The opinion of the court was delivered by

Harvey, J.: Appellant was found guilty of being a persistent violator of the prohibitory liquor law. He has appealed and contends that the information was fatally defective in that it did not state the court in which the former conviction was had. The information charged the date of the former conviction. It was attacked by a motion to quash, framed in general language, that it did not state facts sufficient to constitute an offense. It was said in the oral argument that the only point raised in the argument of this motion was a plea that the statute of limitations had run upon the former conviction, it having been more than three years prior to the specific offense charged. Defendant had waived a preliminary examination. Upon the trial the record discloses that the state proved the former conviction, and defendant took the witness stand and testified, on cross-examination, to his former conviction in a specific court on the date charged in the information.

There is no merit in appellant's contention. The information charged the offense substantially in the language of the statute (R. S. 21-2146). From the record as a whole it is clear that defendant was not misled by the omission of the information to state the place of the former conviction. While the motion to quash was broad enough in its terms to include this point, it did not call the court's

1. Indictment and Information, 31 C. J. § 373; 14 R. C. L. p. 173.   2. Intoxicating Liquors, 33 C. J. § 424.

attention directly to it, and the record indicates that the question was never raised in the court below. If this question was regarded as of any importance, and counsel intended to rely upon it, he should have specifically presented it to the trial court. (*Emery v. Bennett,* 97 Kan. 490, 155 Pac. 1075.) · An information should state the facts constituting the offense charged in clear and concise language. (R. S. 62-1004.) This is for the purpose, among others, of informing the defendant the specific charge he is required to meet, but any omission of a detail which does not mislead defendant nor in any way affect his defense, and to which the court's attention is not called during the trial, will not defeat a verdict rendered upon competent and sufficient evidence.

The judgment of the court below is affirmed.