State v. Tabb.

No. 27,657.

The State of Kansas, *Appellee*, v. Henry Tabb, *Appellant*.

(261 Pac. 844.)

SYLLABUS BY THE COURT.

1. Indictment and Information—*Unlawful Sale of Morphine—Necessity of Naming Purchaser*. An information which charged the defendant with the possession and sale of a certain compound, salt, derivative or preparation of opium, commonly known as morphine, will not be quashed merely because it failed to name the purchaser of the drug.

2. Criminal Law—*Continuance*. Under the circumstances mentioned in the opinion no error was committed in denying the defendant's motion for a continuance of the prosecution.

3. Same—*Judgment on Stipulation*. A stipulation between the defendant and the state to the effect that if there was a conviction in another like case, judgment might be rendered against defendant, examined and held to be sufficient to warrant the judgment rendered against him.

4. Poisons—*Unlawful Sale—Judgment*. R. S. 65-615, under which the prosecution was had, authorized the judgment that was rendered.

Appeal from Cowley district court; Oliver P. Fuller, judge. Opinion filed December 10, 1927. Affirmed.

*James A. McDermott*, of Winfield, for the appellant.

*William A. Smith*, attorney-general, *Roland Boynton*, assistant attorney-general, *H. V. Howard*, county attorney, *George McNeish*, assistant county attorney, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.:   This was a prosecution of Henry Tabb for selling and having in his possession a certain compound, salt, derivative and preparation of opium commonly known as morphine. He was convicted upon four counts, and appeals.

It appears that he, with fourteen others, was arrested prior to August 9, 1926, and had a trial in the police court which resulted in conviction. Appeals were taken to the district court. It appears that this case, with the others mentioned of the same nature, had been assigned for trial on November 18, 1926. On the morning of the 18th motions to quash the information were filed and sustained, and upon application leave was given to the state to file amended

Criminal Law, 16 C. J. pp. 451 n. 89, 458 n. 76, 489 n. 11, 1270 n. 73. Indictments and Informations, 31 C. J. pp. 661 n. 96, 727 n. 8. Poisons, 31 Cyc. p. 899 n. 23.

informations. On the morning of the 19th the amended informations were filed and a motion to quash them was heard and overruled. At that time a motion was filed by the defendants, including Tabb, for a continuance on the ground that there was not sufficient time or opportunity to prepare for trial on the amended information. This motion was overruled and the cases were set down for trial on the afternoon of that day. Others of the narcotic cases were tried on the afternoon of that day, but that against the defendant was not begun until the following day, November 20. When the trial was reached on that day the parties entered into the following stipulation:

"It is hereby stipulated between the state and the defendant, that the evidence in this case will be from the same witnesses as in the case of *State v. Harrison*, No. 3,700, and that it will show practically the same state of facts. It is further stipulated that if the court is satisfied that the evidence in the Harrison case was sufficient to sustain a conviction, he may find the evidence in this case is sufficient to sustain a conviction upon the several counts, and may pass judgment upon such conviction the same, and to the same extent, as if they had been regularly presented to the jury and by a jury found guilty upon the several counts. The same objections to be considered in the stipulation as in the other cases."

The record of the trial in the Harrison case is included in the abstract, and among other things shows that Harrison was convicted.

The first contention is that the information was defective in that it did not state the names of the persons to whom the narcotics were sold. While the names might have been stated in the charge it was not absolutely necessary. The information was substantially in line with the language used in the definition of the offense, and ordinarily that is enough. It is required that the charge shall be sufficiently specific to enable the defendant to make his defense, but an omission of a detail which might have been alleged but which did not mislead or hinder the defendant in making his defense cannot be used to overthrow a conviction. (*State v. Reed*, 119 Kan. 467, 239 Pac. 749.) In the present case the defendant could not have been misled or hampered in making his defense. The trial in the police court furnished him information as to the persons to whom sales were made, and it appears that their names were indorsed as witnesses on the information filed in the district court. Defendant argued that as the legislature had provided that charges under the prohibitory liquor law did not need to set forth the names of persons to whom liquor was sold, it necessarily follows that but for that

provision the names of purchasers must have been set forth, and he insists that the same rule should be applied to narcotic cases. However, in *City of Junction City v. Webb*, 44 Kan. 71, 23 Pac. 1073, a prosecution for the violation of a city ordinance, it was held that a complaint which did not state the names of persons to whom liquor was sold was not defective, although the ordinance did not contain a provision making it unnecessary to name the purchasers of the liquor. There are many authorities to the effect that an information or indictment otherwise sufficient will not be quashed because third persons or purchasers are not named. Some of these are cited in *State v. Schweiter*, 27 Kan. 499, 512.

There is a contention that the court erred in overruling defendant's motion for a continuance and requiring him to go to trial so soon after the amended information was filed. As we have seen, there had been a trial of defendant, as well as a number of other defendants, on the charges in the police court and appeals had been taken to the district court. There the county attorney filed informations and undertook the prosecution of the cases, and had indorsed thereon the names of the witnesses who had made the purchases. The amended petition differed slightly as to the narcotics had in possession and sold by the defendants. In the original information, they were charged with the unlawful possession and sale of "certain opium or cocoa leaves or a compound salt derivative or preparation thereof," whereas the amended information charged the unlawful possession and sale of a "certain compound, salt derivative and preparation of opium commonly known as morphine." The witnesses' names indorsed on the amended information were the same as those indorsed upon the original one, with the single exception of a witness, who was a chemist, called as an expert to testify as to the nature and content of the compound. In view of the circumstances mentioned, the defendant had fair opportunity to prepare for trial, and, besides, he had agreed to submit his case to the court on the evidence taken on the previous day in another of the cases, and it is not easy to see that the refusal of further time was prejudicial error. It may be said that the four witnesses who investigated the conduct of the several defendants, including Tabb, were federal narcotic agents, or persons employed by the United States to make purchases and ascertain who were selling morphine in that neighborhood, and the testimony of these persons, it appears, was used in all the cases tried. It is obvious that the defendant was reasonably

well informed as to the nature of the charge and that he could easily
have learned what witnesses the state intended to call in support of
the charge. He had from the morning of November 19 to late in the
day of November 20 in which to prepare for trial. It appears that
during that time a number of other narcotic cases were tried, in
fact, all except one against Harrison and that of the defendant, and
that convictions were obtained on those that were tried. He neces-
sarily gained a good deal of information as to the witnesses and the
evidence to be given before his case was called for trial. The refusal
of the continuance cannot be regarded as a ground of reversal.

Another point advanced is that the evidence and stipulation al-
ready quoted furnished an insufficient basis for the conviction. It
must be assumed that the stipulation was made by counsel in good
faith. The stipulation might have been more detailed and definite
in its terms, but we find no difficulty in determining its import. It
was agreed that the same witnesses would testify against defendant
as would testify against Harrison, and the Harrison case resulted in
a conviction. The substance of the stipulation was an agreement
that if there was a conviction in the Harrison case the defendant
might be adjudged guilty on the several counts charged against him.
Under the circumstances we do not feel called upon to do any re-
fining of the language of the stipulation or to place any technical
interpretation upon it. It was sufficient to warrant the judgment.

The final point advanced is that the statute itself did not warrant
the conviction. It is said that the prosecution was based upon R. S.
65-615, and that at the time of the judgment no penalty had been
prescribed for its violation. The prosecution was manifestly under
R. S. 65-616, which provides that it shall be unlawful for a person to
keep or have in his possession or under his control opium, coca
leaves, or any compound, salt, derivative or preparation thereof, or
to sell or to furnish any of the drugs to another, except physicians,
dentists, veterinary surgeons, registered nurses, or registered phar-
macists. It then provided that any person violating the provisions
of the section shall be deemed guilty of a misdemeanor and on con-
viction fined not less than $100 nor more than $500 and imprison-
ment in the county jail not less than thirty days nor more than six
months. The other section (R. S. 65-616) provides for the regula-
tion of the sale or dispensing of such drugs by those entitled under
the law to use them. It requires certain forms to be used for blanks
and the preservation of the orders made under it, so that the evi-

dence should be readily accessible to inspection of officers. This section did not prescribe a penalty, but at the last session of the legislature the section was amended and a penalty was added making a violation of the regulations a felony, and prescribing a penalty of a fine of not less than $500 nor more than $5,000, with imprisonment not less than one year nor more than seven years in the penitentiary. An examination of these sections leaves no doubt that R. S. 65-615 as it existed when the offenses were committed and the trial had authorized the imposing of the penalties that were adjudged by the court.

Finding no error in the proceedings the judgment is affirmed.