No. 29,086.

THE STATE OF KANSAS, *Appellee*, v. JOHN OLIVER, *Appellant*.

(284 Pac. 357.)

Opinion filed February 8, 1930.

*R. L. Hamilton, C. L. Kagey* and *L. M. Kagey*, all of Beloit, for the appellant.

*William A. Smith*, attorney-general, *R. O. Mason*, assistant attorney-general, and *Ralph H. Noah*, county attorney, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The appeal in this case is from a conviction and sentence as a persistent violator under the prohibitory liquor law. The errors assigned hinge upon the question of whether the crimes charged were misdemeanors or felonies, and whether or not defendant had the necessary preliminary hearing.

The defendant was charged in two counts with unlawful possession and with the unlawful keeping and maintaining of a nuisance, without the use of the word "feloniously," or any reference to his being a persistent violator, but in connection with each count there were allegations of two convictions and sentences for violations of the liquor laws in the state of Kansas prior thereto, giving dates, names of courts, offenses and punishments. The phraseology of each

count, aside from the allegations of the former convictions and punishments, was in the language of the statute and as a misdemeanor is usually charged. A preliminary hearing was had before the judge of the county court with the same jurisdiction in such matters as that of a justice of the peace, and after hearing the evidence offered by the state, the judge bound the defendant over to the district court on both counts, making the following findings:

"Whereupon the court finds that the crimes, as stated in the complaint filed herein, that of possession of intoxicating liquor and the keeping of a liquor nuisance, and of being a persistent violator of the liquor laws, have been committed, and that there are reasonable grounds for believing the defendant, John Oliver, is guilty of these offenses; also that he is a persistent violator."

Later these findings were amended by permission of the district court to read as follows:

"Whereupon the court finds that the crimes of possession of intoxicating liquor and of keeping of a liquor nuisance following a conviction or convictions for violating the prohibitory liquor laws of the state of Kansas, or of a municipality therein, and of being a persistent violator of the liquor laws on each of said counts have been committed, and that there are reasonable grounds for believing the defendant, John Oliver, is guilty of committing these offenses."

The first information filed in the district court charged the offenses as in the complaint and warrant in the language of the statute and as misdemeanors are usually charged, without using the word "feloniously," and not making any reference to the defendant's being a persistent violator, but the details of the two former convictions were set out in each count. Later, and before the commencement of the trial, the county attorney filed, by permission of the court, an amended information in which the omissions above named were supplied, and thereafter the defendant, by plea in abatement and plea in bar, urged that the defendant had not, prior to the filing of the amended information, been charged with any offense except misdemeanors; that the preliminary hearing on misdemeanor charges was void, and that he now being charged for the first time with felonies had not had a preliminary hearing thereon. These pleas were overruled by the trial court, and the defendant was convicted and sentenced on the first, the possession count, as a persistent violator. A demurrer to the evidence of the state and a motion for new trial were filed and overruled.

The appellant insists that the offenses charged in all the papers

prior to the amended information were not felonies, but only misdemeanors, and cites numerous authorities showing that any attempted preliminary hearing upon a misdemeanor charge is a nullity. We concur with the appellant as to the latter claim, but cannot agree with him that the complaint, warrant and the original information only charged misdemeanors. When the complaint, warrant and information charged the offenses in the language of the statute, they sufficiently charged the commission of the specific offenses to meet all the requirements along that particular line, as has been frequently held by this court. (*State v. Foster*, 30 Kan. 365, 2 Pac. 628; *State v. Seely*, 65 Kan. 185, 69 Pac. 163; *State v. Moon*, 71 Kan. 349, 80 Pac. 597; *State v. Buis*, 83 Kan. 273, 111 Pac. 189.)

R. S. 62-1004 prescribes the necessary contents of an information as follows:

"The indictment or information must contain, *first*, the title of the action, specifying the name of the court to which the indictment or information is presented, and the names of the parties; *second*, a statement of the facts constituting the offense, in plain and concise language, without repetition."

The most exacting requirement is that it contain a statement of the facts in plain and concise language. This is what is necessary to inform the defendant as to the charges preferred against him, rather than by the use of qualifying adverbs or names of offenses.

In the case of *State v. Briggs*, 94 Kan. 92, 145 Pac. 866, where under very similar circumstances the word "feloniously" was used but without a full statement of the facts concerning the former conviction, the court held:

"Each count of an information should be complete in itself, and in this class of cases should not merely charge that the plaintiff made a sale or maintained a nuisance and is a persistent violator, but should set forth the facts of the prior conviction and the subsequent violation in such manner as to show that the defendant, if the charge be true, has become a persistent violator." (Syl. ¶ 3.)

In a later case, *State v. Reed*, 119 Kan. 467, 239 Pac. 749, some of the details of the former conviction were omitted from the information, but the former conviction was referred to by date and the information was held to be sufficient, because it met the purpose of informing the defendant of the specific charge he was required to meet.

Whether the second conviction under the prohibitory liquor law constitutes a misdemeanor or a felony is a matter of law which is

determined and settled by the statute concerning persistent violations, which is as follows:

"Any person who, having once been duly convicted of violations of the prohibitory law and who shall thereafter, directly or indirectly, violate the provisions of the prohibitory liquor law, shall be considered a persistent violator of the prohibitory liquor law and shall be deemed guilty of a felony, and upon conviction thereof shall be imprisoned in the state penitentiary at hard labor for not more than one year; and every violation, directly or indirectly, of any provision of the prohibitory liquor law, by a person who has heretofore been or shall hereafter be once convicted of any violation of the prohibitory liquor law, shall be considered a separate and distinct felony." (R. S. 21-2146.)

If each of the counts contains a statement of facts in plain and concise language charging the defendant with a violation of the prohibitory liquor law and with having been theretofore convicted of another violation of the same law, a felony will be sufficiently charged under the statute pertaining to persistent violations. (*State v. Schmidt,* 92 Kan. 457, 140 Pac. 843.)

Even if the charging part of the complaint and warrant had not been technically accurate or sufficient to properly charge felonies, and was later charged in the amended information, the fact that a preliminary hearing was had and evidence introduced would put the defendant upon notice of the actual crime with which he was charged.

"A person charged with a felony must take notice from the evidence introduced by the state on the preliminary examination, as well as from the papers in the case, of the nature and character of the offense charged against him, and it is not necessary that such papers be prepared with the fulness of detail and technical accuracy of an information." (*State v. Moon,* 71 Kan. 349, syl. ¶ 1, 80 Pac. 597.)

"The validity of a preliminary examination and whether defendant has been sufficiently advised as to the charge upon which he is to be tried, depends not only upon the testimony adduced at such examination, but, also, upon the information disclosed by the complaint and warrant, and all other matters of procedure before the magistrate of which the defendant has notice." (*State v. Wellman,* 114 Kan. 671, syl. ¶ 1, 220 Pac. 271. See, also, *State v. Bailey,* 32 Kan. 83, 3 Pac. 769; *State v. Tennison,* 39 Kan. 726, 18 Pac. 948.)

Complaint is made of the instruction given by the court to the effect that if the state failed to establish any former conviction and did establish beyond a reasonable doubt the guilt of the defendant as to one of the recent offenses charged, the jury might find the defendant guilty of a misdemeanor. This is thoroughly consistent

with the provisions of the statute as to persistent violators and is within the felonies charged in the amended information.

We find no error in the giving of such instruction, nor the overruling of the demurrer to the evidence and the motion for new trial, nor in the other assignments of error.

The judgment is affirmed.