No. 32,602

THE STATE OF KANSAS, *Appellee*, v. JOHN FISHER, *Appellant*.

(50 P. 2d 983)

Opinion filed November 9, 1935.

*Albert M. Cole,* of Holton, for the appellant.

*Clarence V. Beck,* attorney general, *Earl B. Swarner,* assistant attorney general, *Forrest D. Smythe,* special assistant attorney general, and *Warden L. Noe,* county attorney, for the appellee; *Floyd W. Hobbs,* of Holton, of counsel.

The opinion of the court was delivered by

HUTCHISON, J.: The defendant in this case appeals from a conviction under R. S. 21-565 for killing a dog belonging to another, which section is as follows:

"Every person who shall willfully and maliciously kill, maim or wound any domestic animal of another, shall upon conviction be adjudged guilty of a misdemeanor."

The appellant urges four specifications of error: the first and second in not sustaining his motion to quash the information and his demurrer to the evidence of the state for the reason that neither the information alleged nor the evidence of the state showed that the dog in question had been listed as personal property; the third and fourth specifications of error are in the giving and refusing to give certain instructions.

The information, omitting the formal parts, was as follows:

"That on the 18th day of October, 1933, at the county of Jackson, and state of Kansas, one John Fisher then and there being did then and there willfully, unlawfully and maliciously shoot and kill a domestic animal, to wit: A hound dog, aged about three years, being a blue black color, with red legs, which said dog was then and there the property of one C. F. Davis."

It will be readily noted that it practically followed the language of the statute above quoted. It uses, as does the statute, the term "domestic animal." Appellant cites early decisions and texts to the effect that a dog under the common law has not always been regarded either as a domestic animal or personal property, but appellant recognizes the change effected by statute and insists that the information is insufficient because it does not plead compliance with such statutory provision to make the dog personal property and entitled to the protection afforded other livestock by alleging and showing the owner thereof had complied with the requirement of R. S. 79-1301 with reference to the assessment of the dog and the payment of taxes thereon. The criminal statute above quoted has been in force in this state for a long time and may not have necessarily included a dog as a domestic animal prior to the enactment of the statute last above cited with reference to the assessment of dogs and the payment of taxes thereon, making them personal property and entitled to protection as other livestock. This last statute was enacted in 1913.

The history of dog litigation in this state is fully set forth in the recent case of *Smith v. Steinrauf,* 140 Kan. 407, 36 P. 2d 995.

The information in the case at bar follows the statute literally and does not allege either the assessment or the payment of taxes on the dog. These are parts of the prerequisites which under the present statutes are necessary now to make a dog personal property and a domestic animal entitled to the same protection as other livestock. It was charged that it was a domestic animal, and to be such in this case it is conceded that it must have been assessed and the taxes must have been paid. Usually an information which follows the language of the statute is sufficient.

"It was said that where the statute creates an offense and sets out the facts which constitute it an information that follows the language of the statute is all that is required.

"Such an information was not defective because it omitted to negative certain statutory exceptions not contained in the clause of the act which created the offense charged." (*State v. Buis,* 83 Kan. 273, syl. ¶¶ 1, 2, 111 Pac. 189.)

"An information charging the defendant with knowingly receiving deposits in a bank of which he was an officer when it was insolvent is good against a motion to quash, although it does not state which of the three conditions existed that are declared in another section of the same statute to constitute insolvency." (*State v. Elliott,* 122 Kan. 174, syl., 251 Pac. 423. See, also,

*State v. Eary,* 121 Kan. 339, 246 Pac. 989, and *State v. Seely,* 65 Kan. 185, 69 Pac. 163.)

As to the failure to sustain appellant's demurrer to the evidence of the state, we have before us the following statement of fact given in the counter abstract: "The per-capita tax upon the dog in question referred to in section 79-1303, R. S. 1923, has been paid." This statement of fact would not be improper testimony because the information failed to aver this detail as to taxation, but would constitute competent proof under the general averment of the information.

Our attention is directed in the briefs to R. S. 79-1302, 79-1303 and 79-1305, which are sections of the same article as R. S. 79-1301 and properly considered in connection therewith, but they in no way overturn the general requirements of the first section by announcing details of procedure or exceptions to the general rule. In this same general connection reference is made to R. S. 47-646, which is as follows:

"It shall be lawful for any person at any time to kill any dog which may be found worrying or injuring sheep."

The counter abstract sets forth the following on this subject:

"The dog was not worrying or injuring sheep at the time defendant killed it, and defendant testified that so far as he knew the dog in question has never worried or killed any of his sheep or other livestock."

Appellant takes exception to the court stating in its instruction No. 2 that a dog is a domestic animal within the meaning of R. S. 21-565 and following that with instruction No. 3 about the requirements of another statute as to assessment and payment of taxes, as being contradictory and therefore prejudicial to the appellant. Reading the two instructions together, it is plainly apparent the court left to the jury the matter of determining whether or not this dog was a domestic animal by finding beyond a reasonable doubt that it was properly listed for taxation and taxes paid if the evidence warranted it.

Appellant complains of the inconsistency between instructions Nos. 5 and 6, the former stating the right under the statute to kill a dog found worrying or injuring sheep, and the latter stating in detail the pro and con of such feature of worrying or injuring them, or within a reasonable time prior to the killing of the dog it had been worrying or injuring them. This seems to be along the usual line

of elucidating both sides of a pertinent situation. Appellant further requested the court to add to the last instruction a clause to the effect that if they found that the defendant in good faith believed it was necessary to kill the dog to prevent injury to his livestock, then the act was not maliciously committed and they should find the defendant not guilty. The court declined to make this addition, and we think it was justified in so declining, because the counter abstract states, as quoted above, that the defendant testified that this dog "has never worried or killed any of his sheep or other livestock." Appellant argues as against this statement of his own that the killing of the dog would not be willful or malicious if he thought it necessary to do so to protect his sheep. The trouble with this reasoning is that the statute above quoted in giving one a right to kill a dog does not go that far. It only applies when the dog has been found worrying or injuring them. The killing of the dog not found worrying or injuring them will necessarily be unlawful.

The failure of the court to give an instruction as to the act being willful and malicious is not necessarily prejudicial when it was not specifically requested. (*State v. Ross,* 77 Kan. 341, 94 Pac. 270; and *State v. Wood,* 118 Kan. 58, 233 Pac. 1029.) Conclusions as to intention and malice are frequently implied from the surrounding circumstances, and it is impossible to say without an abstract of the evidence before us that there were not enough of circumstances therein to fully show that the act was willful and malicious. It is said in 3 C. J. 166:

"Malice may be, and frequently must be, inferred from the nature of the act itself and from the circumstances which accompany and characterize it."

We find no error in these rulings of the trial court.

The judgment is affirmed.