No. 33,377

THE STATE OF KANSAS, *Appellant*, v. ARWIN HILLIS, *Appellee*.

(65 P. 2d 251)

Opinion filed March 6, 1937.

*Clarence V. Beck*, attorney general, and *Frank F. Eckdall*, county attorney, for the appellant.

No appearance was made for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: In this case the defendant was charged with petty larceny in five counts differing only as to dates, and the trial court sustained a motion to quash the information and all the counts thereof because they failed to charge any offense against the laws of the state, and particularly because no criminal intent was alleged, and the state, under the provisions of G. S. 1935, 62-1703, appealed from that ruling.

The first count of the information is as follows:

"That on the 11th day of March, 1935, in the county of Lyon, state of Kansas, one Arwin Hillis, then and there being, did then and there unlawfully steal, take, and carry away personal property of another, to wit: Leon R. Romine, said property being and consisting of four cartons of cigarettes and one pint of alcohol, of the aggregate value of six and 30/100 ($6.30) dollars, contrary to the statute in such cases made and provided."

It is true this did not in so many words charge a criminal intent. The language of the statute under which the charge was brought, G. S. 1935, 21-535, is as follows:

"Every person who shall steal, take and carry away any money or personal property or effects of another, under the value of twenty dollars . . . shall be deemed guilty of petty larceny. . . ."

The words of the statute "steal, take and carry away" are used in the information here under consideration as above quoted, and they are preceded by the adverb "unlawfully."

The second part of G. S. 1935, 62-1004, states that the contents of an information shall be "a statement of the facts constituting the offense, in plain and concise language, without repetition." In the same chapter, section 62-1010, subdivision 4, the same language is used under the heading that such an information will be sufficient, and the following section of the same chapter mentions harmless omissions, the seventh subdivision of which is as follows:

"For any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits." (G. S. 1935, 62-1011, subdiv. 7.)

It was held in *State v. Oliver,* 129 Kan. 719, 284 Pac. 357:

"When the complaint, warrant and information charged the offenses in the language of the statute, they sufficiently charged the commission of the specific offenses to meet all the requirements along that particular line, as has been frequently held by this court." (p. 721.) (See, also, *State v. Foster,* 30 Kan. 365, 2 Pac. 628; *State v. Bellamy,* 63 Kan. 144, 65 Pac. 274; *State v. Seely,* 65 Kan. 185, 69 Pac. 163; *State v. Buis,* 83 Kan. 273, 111 Pac. 189; *State v. Curtis,* 108 Kan. 537, 196 Pac. 445; *State v. Goodrich,* 136 Kan. 277, 15 P. 2d 434; and *State v. Fisher,* 142 Kan. 627, 50 P. 2d 983.)

In 2 Wharton's Criminal Procedure, 10th ed., 1137, it is said:

"Larceny, being a statutory offense, an indictment or information therefor in the language of the statute will be sufficient. . . ."

It is said in 14 R. C. L. 185:

"It is the general rule, however, that the charge is sufficient if it adopts and follows the language of the statute or is in language substantially equivalent thereto. . . ."

It is stated in 36 C. J. 845:

"In jurisdictions where an intent to appropriate and convert the thing stolen to the use and benefit of the taker is not an element of common-law larceny, or where such intent is not made an element of a statutory offense, such intent need not be alleged in the indictment."

The word "steal" has in it the element of intent, and it is not necessary to repeat it, especially when it is not a part of the language of the statute defining the crime. The definition of the word "steal" given in Webster is "to take or appropriate without right or leave, and with intent to keep or make use of wrongfully." In addition to the language of the statute we have in this information the word "unlawfully," which emphasizes the wrongful intent contained in the word "steal."

The case of *State v. Lowe*, 56 Kan. 594, 44 Pac. 20, was where the action was brought under what is now G. S. 1935, 21-539, which defined as an offense where one "shall willfully kill such animal with intent to steal or convert to his own use the carcass or skin or any part of the animal so killed," and the information was held to be sufficient where the word "willfully" was omitted therefrom, because all the averments of the information taken together showed the commission of a crime as defined by the statute.

We conclude that the language of the first count of the information in this case was sufficient to charge the offense of petty larceny without additional words to charge criminal intent. Under the statement in the abstract that all the other counts of the information were exactly the same, except as to dates, the same ruling will apply to the other four counts of the information.

The judgment is reversed and the cause is remanded with instructions to overrule the motion to quash the information and the several counts thereof.